B. Donald FIELDING, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–85–01019–CR, 05–85–01020–CR.

Court of Appeals of Texas,
Dallas.

Sept. 10, 1986.

Rehearing Denied Oct. 10, 1986.

Shirley Baccus-Lobel, William M. Ravkind, Ronald L. Goranson, Dallas, for appellant.

Kathi Alyce Drew, Dallas, for appellee.

Before GUITTARD, C.J., and McCRAW and STEWART, JJ.

STEWART, Justice.

B. Donald Fielding appeals from two convictions for possession of a controlled substance with intent to deliver. Appellant contends that revocation of his unadjudicated "probation" violated due process of law and double jeopardy principles, that the change in status from deferred adjudication to 60 years' imprisonment violates the constitutional prohibition against cruel and unusual punishment, that the trial court erred in refusing to hold a hearing on appellant's motion for new trial, and that the sentencing process and sentence imposed violated due process. These contentions are without merit. We affirm the trial court's judgment.

## I. *Facts*

On January 9, 1985, appellant entered his plea of guilty. After hearing evidence substantiating appellant's guilt, the trial court deferred further proceedings without an adjudication of guilt and placed appellant on ten years' "probation". *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3d (Ver-

non Supp.1986). One condition of appellant's deferred adjudication was that he "(a) [c]ommit no offense against the laws of this or any other state or the United States."

On May 24, 1985, the State filed its motion to proceed with adjudication of guilt. The motion alleged that appellant had violated condition (a) by driving a motor vehicle on a public street when his driver's license was suspended. On May 31, 1985, a hearing was held on the State's motion. At the close of that hearing the trial court accepted appellant's plea of true to the allegations in the State's motion, found that the allegations were true, granted the State's motion, and proceeded with the adjudication of guilt. The trial court accepted appellant's plea of guilty entered January 9, 1985, found appellant guilty, and assessed punishment at 60 years in the Texas Department of Corrections on each offense.

## II. *Decision to Proceed with Adjudication*

In appellant's first five grounds of error, he alleges constitutional violations connected with the trial court's decision to proceed with adjudication of guilt. A defendant cannot appeal the trial court's determination to proceed with adjudication of guilt. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3d (Vernon Supp.1986). This decision is within the absolute discretion of the trial court and is not subject to appellate review. *Homan v. Hughes,* 708 S.W.2d 449, 451 (Tex.Crim.App.1986); *Williams v. State,* 592 S.W.2d 931, 932–33 (Tex.Crim. App.1979). Thus, in ruling on a preliminary motion, our court struck appellant's first five grounds of error. *See Contreras v. State,* 645 S.W.2d 298 (Tex.Crim.App. 1983).

## III. *Cruel and Unusual Punishment*

In his sixth ground of error, appellant contends that his change in status from deferred adjudication to sixty years' incarceration violated the constitutional ban against cruel and unusual punishment. Appellant argues that he has a substantial liberty interest granted by the trial court when it deferred adjudication; that he substantially complied with all the conditions of his deferred adjudication; that his only violations of those conditions were minor traffic offenses unrelated to the offenses with which he was charged; and that, although a lengthy sentence of imprisonment could originally have been imposed, the State is bound by its determination that its best interests were adequately protected by deferred adjudication unless there are sufficient grounds for a redetermination and reevaluation of the decision to impose probation. Appellant further maintains that the justification for the imposition of lengthy prison terms was alleged licensing offenses and that, therefore, the sentences were grossly disproportionate to the minor offenses, thus constituting cruel and unusual punishment.

We note initially that the sixty-year sentences are not punishment for driving with a suspended driver's license but for the unlawful possession of cocaine with intent to deliver. In essence, appellant's arguments amount to a contention that the trial court abused its discretion in determining to proceed with adjudication of guilt because there was insufficient evidence to support that determination. This same contention was overruled in *Williams v. State,* 592 S.W.2d 931 (Tex.Crim.App.1979), which held that the decision to proceed to adjudication is within the absolute discretion of the trial court and is not subject to appellate review. *Contreras v. State,* 645 S.W.2d 298 (Tex.Crim.App.1983). Furthermore, the punishment assessed was within the limits prescribed by statute. *See* TEX. REV.CIV.STAT.ANN. art. 4476–15, § 4.03(d) (Vernon Supp.1986). Therefore, the punishment, is not prohibited as cruel and unusual. *McNew v. State,* 608 S.W.2d 166, 174 (Tex.Crim.App.1978); *Samuel v. State,* 477 S.W.2d 611, 614–15 (Tex.Crim. App.1972). Appellant's sixth ground of error is overruled.

## IV. *Motion For New Trial*

In his seventh ground of error appellant contends that the trial court

erred in failing to hold a hearing on appellant's motion for new trial. Granting or denying motions for new trial rests within the discretion of the trial court, and appellate courts will ordinarily not reverse that decision unless the trial court has abused its discretion. This rule also applies where the trial court denies the motion without an evidentiary hearing. *McIntire v. State*, 698 S.W.2d 652, 660 (Tex.Crim.App.1985); *Appleman v. State*, 531 S.W.2d 806, 810 (Tex.Crim.App.1976). However, a hearing on a motion for new trial is mandated when an affidavit attacking the verdict on any matter outside the record itself is sufficient to give the trial court notice that reasonable grounds exist for disturbing its verdict. *McIntire*, 698 S.W.2d at 658, 660 (Tex.Crim.App.1985).

█ In this case, the only extrinsic matter raised by affidavit concerns appellant's reason for violating the conditions of his deferred adjudication. At the hearing on proceeding with adjudication, Fielding presented evidence showing that he had been unaware that his driver's license was suspended. The affidavit attached to Fielding's motion for new trial was executed by the attorney who represented Fielding for traffic violations. It gave the background facts concerning Fielding's suspended license "which were known to the trial court, but were not part of the record", as stated in the motion for new trial. This affidavit simply corroborated Fielding's testimony at the adjudication hearing. Fielding's motion for new trial presented no issues that required proof to be developed outside the record. Under these circumstances, the trial court did not err in denying Fielding a hearing on his motion. *Darrington v. State*, 623 S.W.2d 414, 416 (Tex.Crim.App. 1981). Appellant's seventh ground of error is overruled.

## V. *Due Process*

Finally, appellant contends that the sentencing process and sentence imposed in this case violate due process. Appellant argues that he substantially complied with the terms of his "probation" and that the trial court determined his sentence before hearing all the evidence. We initially observe that, to the extent that appellant's contention attacks the determination to proceed with adjudication of guilt, it is not reviewable by this court. *Contreras*, 645 S.W.2d at 298.

█ Appellant argues that the sentence imposed was illegal because the court's only option after adjudication of guilt was to *reinstate* appellant's "probation". He relies on the Supreme Court decisions in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parolee), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (probationer), holding that one who has substantially complied with the terms and conditions of probation is entitled as a matter of law to retain his liberty. Both of these cases concern probation *after* conviction and, therefore, are not applicable to a deferred adjudication proceeding. Deferred adjudication vests no rights in the defendant; it is a product of the court's leniency. Indeed, there is no appellate review from an order deferring adjudication. If a defendant is dissatisfied with such deferral, his proper remedy is to move for final adjudication under section 3d(a) of article 42.12. *McDougal v. State*, 610 S.W.2d 509 (Tex.Crim.App.1981).

There is no provision in the statutes for *reinstatement* of unadjudicated "probation" after guilt has been adjudicated. To the contrary, after an adjudication of guilt, assessment of punishment proceeds "as if the adjudication of guilt has not been deferred." TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3d(b) (Vernon Supp.1986).

█ Further, the deferred adjudication statute does not enunciate a "substantial compliance" standard. Violating one condition of deferred adjudication authorizes an adjudication of guilt on the original offense. *See Hunter v. State*, 640 S.W.2d 656, 658 (Tex.App.—El Paso 1982, pet. ref'd). Indeed, appellant's plea of "true" is, standing alone, sufficient to justify the revocation. *Pierce v. State*, 636 S.W.2d

734, 736 (Tex.App.—Corpus Christi 1982, no pet.).

When it deferred adjudication in January, the trial court made the following statement:

When these things are adjudicated, if they are, you're not getting any ten years, you're not getting any twenty years, you're getting a substantial sentence. And I normally don't do this, but I'm laying my cards on the table, and if you violate the conditions of your probation, you're talking about 60 and up; is that clear?

Later, in May, when the trial court proceeded with adjudication and assessed punishment at 60 years, he remarked, "I believe I told you when you came before me that if you violated any terms and conditions of your probation what I was going to do, and I couldn't be any clearer."

Appellant contends that the trial judge's statements reveal that he decided at the time adjudication was deferred that if appellant violated any term of his deferred adjudication he would receive at least a sixty-year sentence; that the trial court refused to consider evidence in mitigation of punishment offered by appellant at the hearing on the State's motion to proceed with adjudication; and that, consequently, the trial court prejudged and predetermined appellant's sentence in violation of the Fifth and Fourteenth amendments to the United States Constitution and Article I, section 19 of the Texas Constitution. Specifically appellant complains of the trial court's failure to consider the fairly innocuous conduct relied upon by the State in its motion to proceed with adjudication and appellant's exemplary conduct during his deferred adjudication.

■ We first consider appellant's claim that the trial court refused to hear evidence in mitigation of punishment. Appellant relies upon *Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *United States v. Long*, 656 F.2d 1162 (5th Cir. 1981); and *United States v. Cavazos*, 530 F.2d 4 (5th Cir.1976), for the proposition that when the trial court assesses punishment it must consider good behavior during the deferral period and the nature of the offense that led to its determination to proceed with adjudication of guilt. Of these cases, only *Romano* involves probation revocation and it is distinguishable from the instant case because it concerned probation *after* conviction but this case involves the procedures delineated in art. 42.-12, sec. 3d(a) providing for "probation" *before* conviction. *McNew*, 608 S.W.2d at 175–76.

Nevertheless, the record reflects that the trial court allowed appellant a full hearing in defense of the motion to proceed with adjudication. Appellant relies on that same defensive testimony as evidence in mitigation of punishment. Although appellant was given the opportunity prior to sentencing to offer additional legal reasons why he should not be sentenced, he merely stated that he would not have been driving if he had known his license was suspended. Thus, the court did not refuse to hear evidence in mitigation of punishment. Once the adjudication hearing was held, the trial court could immediately assess punishment. *McNew*, 608 S.W.2d at 174.

■ We next address appellant's contention that the trial court prejudged and predetermined his sixty-year sentence. After hearing the evidence of appellant's good behavior during deferred adjudication, the trial judge stated that his decision to proceed with adjudication of guilt and assess punishment at 60 years was made "in light of the pre-sentence report and in light of the prior [felony] probation and in light of the amount of cocaine and in light of all the facts and circumstances surrounding the case...." We conclude that the trial judge considered the evidence presented in mitigation of punishment and, after weighing it against the considerations above, arrived at a punishment of 60 years. In light of the trial judge's statement we cannot presume that he consciously refused to consider the mitigating evidence when he assessed punishment.

At the hearing held January 9, resulting in appellant's deferred adjudication, the trial judge admonished appellant that the punishments for appellant's offenses were confinement for not less than five nor more than ninety-nine years with a fine not to exceed $50,000, and confinement for not less than ten years nor more than ninety-nine years or life with a fine not to exceed $100,000. The trial judge's statement to appellant at the May 31 hearing, "I told you when you came before me that if you violated any terms and conditions of your probation what I was going to do ...", may well have referred to the trial judge's admonishment of appellant and not to the threat of "60 and up." In the absence of a clear showing to the contrary, we must presume that the trial court's actions were correct. *Thompson v. State*, 641 S.W.2d 920, 921 (Tex.Crim.App.1982); *see also Schneider v. State*, 594 S.W.2d 415, 418 (Tex.Crim.App.1980) (presumption of regularity of proceedings). We conclude that the appellant has failed to rebut the presumption of correct action set forth in *Thompson*.

■ We note that, although the trial court is not required to admonish a defendant as to the consequences of deferred adjudication, to do so is the better practice. *McNew*, 608 S.W.2d at 177. Here, the trial court did inform appellant of the consequences if appellant violated the terms and conditions of his deferred adjudication. If appellant was dissatisfied with the terms and conditions, or with the stated consequences of a future adjudication of guilt, he could have filed for final adjudication within 30 days thereafter under article 42.-12, section 3d(b).

Appellant does not contend that sixty years is an inappropriate sentence for each of the charged offenses. The sentences imposed were within the discretion of the trial court. Because they were within the statutory limits for the offenses charged, they will not be disturbed on appeal. *United States v. Lane*, 693 F.2d 385, 390 (5th Cir.1982); *United States v. White*, 524 F.2d 1249, 1254 (5th Cir.1975), *cert. denied*, 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 375 (1976); *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App.1984).

■ Appellant argues that the trial court imposed the sixty-year sentences because of derogatory publicity incurred by the trial court's placing appellant on deferred adjudication; that because newspapers quoted the district attorney's statement, "The judge promised to give him at least sixty years if he messed up," that the trial court did not consider the full range of punishment after adjudicating appellant's guilt, but arbitrarily gave appellant the same sixty-year sentence that the trial court had previously announced he would give appellant if appellant's guilt were adjudicated. We need not speculate on the validity of these allegations because, so long as the punishment imposed by the trial court is within the range prescribed by statute, the motivation of the trial court in imposing the sentence is irrelevant. *See White*, 524 F.2d at 1254; *Tamminen v. State*, 653 S.W.2d 799, 803 (Tex.Crim.App. 1983).

■ Additionally, any error in the trial judge's treatment of appellant's mitigating evidence is harmless. The following cases support this proposition. *Singletary v. State*, 509 S.W.2d 572, 577 (Tex.Crim.App. 1974), held that excluding evidence of the defendant's medals, commendations, and citations for meritorious service awarded during his ten years of service in the United States Army was not reversible error. *Cleveland v. State*, 502 S.W.2d 24, 26 (Tex. Crim.App.1973), held that excluding evidence of the defendant's volunteer work in a suicide prevention program sponsored by a mental health association was not reversible error. *Logan v. State*, 455 S.W.2d 267, 269 (Tex.Crim.App.1970), held that excluding evidence that the defendant was a good student who had no disciplinary problems was not reversible error. *Miller v. State*, 442 S.W.2d 340, 349 (Tex.Crim.App.1969), held that excluding evidence of the defendant's active membership and attendance in a Baptist church was not reversible error. *Coleman v. State*, 442 S.W.2d 338, 340

(Tex.Crim.App.1969), held that excluding evidence of appellant's work record was not reversible error. *Allaben v. State,* 418 S.W.2d 517, 519 (Tex.Crim.App.1967), held that excluding evidence that the defendant in a sodomy trial was receiving psychiatric treatment for his sexual problems was not reversible error.

Appellant's due process argument is grounded mainly on the allegation that the trial judge refused to consider mitigating evidence of the appellant's good behavior during his unadjudicated "probation". Assuming, without holding, that the trial judge failed to fully and properly consider appellant's mitigating evidence, we conclude that the error, if any, was harmless because excluding the mitigating evidence would not have been reversible error. *See Singletary,* 509 S.W.2d at 577; *Cleveland,* 502 S.W.2d at 26; *Logan,* 455 S.W.2d at 269; *Miller,* 442 S.W.2d at 349; *Coleman,* 442 S.W.2d at 340; *Allaben,* 418 S.W.2d at 519.

 Finally, if appellant felt that the trial court was precluding itself from considering all of the evidence, the appellant could have called attention to the error. At no time during either hearing did appellant object to the trial judge's statements or actions. If the trial judge committed errors sufficient to warrant reversal on appeal, they deserved at the least an objection or even a motion to recuse. Nevertheless, appellant's first complaint of the trial judge's actions appears in appellant's motion for new trial. Appellant's failure to timely object or file a recusal motion waived the error, if any. *Rogers v. State,* 640 S.W.2d 248, 264 (Tex.Crim.App.1982). Appellant's final ground of error is overruled.

Affirmed.

GUITTARD, C.J., filed a dissenting opinion.

GUITTARD, Chief Justice, dissenting.

I cannot agree that appellant's sentence of sixty years was imposed in accordance with "the due course of the law of the land" as required by article I, section 19 of the Texas Constitution. Review of this record has convinced me that the trial judge, when he deferred adjudication and placed appellant on probation, prejudged the sentence to be imposed in the event of a revocation of probation, and that later, after revoking probation and adjudicating guilt, the judge refused to consider pertinent evidence bearing on punishment. Consequently, I would reverse and remand for a new hearing on punishment before a different judge.

The majority takes the view that, at the original hearing, the judge did no more than admonish appellant concerning the range of punishment in the event probation should be revoked. I cannot agree. On receiving appellant's plea of guilty, the judge properly admonished appellant of the statutory range of punishment for both of the two offenses charged: for one, confinement for life or any term not less than five years and a fine not to exceed $50,000, and for the other, confinement for life or any term not less than ten years and a fine not to exceed $100,000. At the close of the hearing, however, the judge declared:

> [If] you violate your conditions—you've really had more than your share of second chances—and if you come before me again, let me tell you something: When these things are adjudicated, if they are, you're not getting any ten years, you're not getting any twenty years, you're getting a substantial sentence. And I normally don't do this, but I'm laying my cards on the table, and if you violate the conditions of your probation, you're talking about 60 and up; is that clear?

In response to the State's motion to adjudicate guilt, appellant pleaded "true" to the allegation that he had violated a condition of his probation in that he had driven his automobile when his operator's license was suspended. He offered evidence, however, that he had employed a lawyer and was under the impression that an occupational driver's license had been obtained. He also offered evidence that, although he had suf-

fered from drug addiction for almost twelve years before he was placed on probation, he had since undergone extensive drug rehabilitation therapy, had become gainfully employed, had married, had engaged in a program of counseling teenagers with drug problems, and had enrolled in a graduate school to pursue a career of professional drug counseling. Two coworkers in the teen-age drug counseling program testified that appellant had made rapid progress in overcoming his drug dependence and had made positive contributions to the counseling program, working with the teen-agers twice a week. His mother testified that he was once again the son she had known twelve years before.

At the close of the hearing, the judge remarked that appellant "may have done 99 percent of what I asked," but that in view of all the circumstances, he "just didn't have any margin for error." The judge assessed his punishment at sixty years confinement in each case, and added:

> THE COURT: I believe I told you when you came before me that if you violated any terms and conditions of your probation what I was going to do, and I couldn't be any clearer.

I cannot condone this procedure. When granting probation, a judge may wish to impress the offender with the seriousness of any violation of the conditions imposed, but in doing so, he cannot properly prejudge the ultimate sentence in the event of violation and thus preclude consideration of mitigating circumstances that might be relevant. We do not know what sentence the judge would have imposed originally if he had not granted probation. It seems likely that the severity of the threatened sentence was influenced by a desire to deter appellant from any violation. Nor do we know what sentence the judge would have imposed at the second hearing if the defendant had not originally been threatened with a sixty-year sentence, but the judge leaves no doubt that he would not, under any circumstances, have reduced the sentence from that specified at the earlier hearing.

The trouble with this procedure is that the judge may originally threaten a heavier sentence than he would actually impose if no probation were granted, and then, if the defendant has committed even a trivial violation of probation, he may feel bound to maintain his credibility by imposing the threatened sentence regardless of any further evidence. I conclude that such a procedure is not in accordance with the due course of the law because (1) it effectively excludes evidence relevant to punishment, specifically, the evidence of appellant's rehabilitation while on probation; (2) it precludes the judge from considering the full range of punishment prescribed by law; and (3) it deprives the defendant of a fair and impartial tribunal at the punishment hearing. Moreover, I cannot agree that appellant waived these errors.

### 1. Relevance of Evidence of Rehabilitation

The relevance of the evidence of appellant's rehabilitation is supported by two statutory provisions. Section 1.02(3) of the Texas Penal Code (Vernon 1974) lists among the stated purposes of the Code "to prescribe penalties ... that permit recognition of differences in rehabilitation possibilities among individual offenders." Also, article 37.07, section 3(a) of the Code of Criminal Procedure (Vernon 1981) expressly provides that at a punishment hearing evidence of the defendant's character may be offered either by the State or by the defendant. In my opinion, the evidence of appellant's rehabilitation while on probation is relevant to appellant's character.

Both of these statutory provisions are apparently based on the philosophy of modern sentencing to take into account the person as well as the crime by considering information concerning every aspect of a defendant's life. *See Williams v. New York,* 337 U.S. 241, 250, 69 S.Ct. 1079, 1084, 93 L.Ed. 1337 (1949); *Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217, 3225, 82 L.Ed.2d 424 (1984). Possession of the fullest information possible concerning the defendant's life and characteristics is highly relevant to the judge's selection of

an appropriate sentence. *Williams*, 337 U.S. at 247, 69 S.Ct. at 1083.

With respect to fixing of punishment after revocation of unadjudicated probation, article 42.12, section 3d(b) of the Texas Code of Criminal Procedure (Vernon Supp. 1986), provides:

> After an adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

I read this statute to mean that punishment should be assessed as if at the time of the punishment hearing adjudication of the defendant's guilt had not previously been deferred, not as if the hearing were being held at the earlier date. Thus, it means that the court should consider the defendant's conduct while on probation, whether positive or negative, as if no probation had previously been imposed.

I find support for this interpretation of the statute in *McNew v. State*, 608 S.W.2d 166, 176–77 (Tex.Crim.App.1980). In *McNew* the defendant complained that after adjudication of his guilt under article 42.12, section 3d(b), the trial court had assessed his punishment at a term in excess of the period of unadjudicated probation previously allowed. McNew contended that this procedure would allow the trial court to "up the ante" based on the defendant's conduct while on probation. The Court of Criminal Appeals rejected this contention on the authority of its previous opinion on this very point in *Walker v. State*, 557 S.W.2d 785, 786 (Tex.Crim.App. 1977), and writing for the court, Judge Onion explained that under article 42.12, section 3d(b), the assessment of punishment "shall be as if adjudication of guilt had not been deferred." If the court may consider the defendant's bad conduct while on probation on the issue of punishment, then certainly, it may and should consider his good conduct during that period.

The majority opinion does not hold that the evidence of appellant's rehabilitation was not admissible or relevant on the issue of punishment, but only that any error in the judge's treatment of this evidence is harmless. I cannot agree. In the light of the strong evidence of rehabilitation in this record, I am not persuaded that a fair-minded judge would have excluded this evidence from his consideration of punishment, or that this judge would have done so if he had not announced in advance his intention to assess a sixty-year term.

In none of the cases cited by the majority in support of its application of the harmless error rule did the evidence show the complete change of personal habits and style of living that appellant showed in this case. Most of these cases did not concern any conduct of the defendant bearing on rehabilitation since the offense. *Singletary v. State*, 509 S.W.2d 572, 577 (Tex.Crim.App. 1974); *Cleveland v. State*, 502 S.W.2d 24, 26 (Tex.Crim.App.1973); *Logan v. State*, 455 S.W.2d 267, 269 (Tex.Crim.App.1970); *Miller v. State*, 442 S.W.2d 340, 349 (Tex. Crim.App.1969); and *Coleman v. State*, 442 S.W.2d 338, 340 (Tex.Crim.App.1969).

The leading case and the only case cited by the majority that concerns conduct since the offense, is *Allaben v. State*, 418 S.W.2d 517, 519 (Tex.Crim.App.1967), in which a sodomy defendant was not allowed to testify that he was getting psychiatric treatment, although he did certify that he had graduated in the upper ten percent of his college class, had served three years in the military, was employed in electronics by General Electric, and had never been convicted of a felony. Writing for the court, Judge Onion said:

> Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann. C.C.P. is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible.

> It appears that *the Court should have admitted the testimony excluded*, but we cannot conclude, in light of the entire record, that trial court's action consti-

tutes such error as to call for reversal. [Emphasis added.]

Evidently the court concluded that the treatment, in itself, was but slight evidence of rehabilitation. Here, by contrast, the evidence of actual rehabilitation was strong and undisputed. Consequently, I cannot conclude in the light of this record that the error was harmless.

### 2. Consideration of Full Range of Punishment

After admonishing appellant at the earlier hearing concerning the range of punishment for the two offenses to which he had pleaded guilty, the trial judge, in unequivocal language, informed appellant that he would not consider that full range if the defendant should come before him again, but would consider only a sentence of at least sixty years—the maximum effective sentence under current law for a prisoner eligible for parole. See TEX.CODE CRIM. PROC.ANN. art. 42.18, § 8(b) · (Vernon Supp.1986). After pronouncing that sentence at the later hearing, the judge informed appellant that he had done exactly what he had said he would do. Thus the judge's own declaration establishes that he refused to consider the full range of punishment provided by law. In effect, he excluded from consideration in assessing punishment the evidence of rehabilitation, which he had previously heard at the hearing on probation revocation.

I conclude that in this respect the trial court erred seriously—even egregiously— in that he failed to give appellant a fair trial on the issue of punishment. At the adjudication hearing, the defendant is entitled to offer appropriate evidence in mitigation of punishment if such evidence has not already been elicited during the proceeding. Duhart v. State, 668 S.W.2d 384, 387 (Tex. Crim.App.1984). It is well established that a prospective juror is disqualified if he is unwilling to consider the full range of punishment. Cuevas v. State, 575 S.W.2d 543, 545–46 (Tex.Crim.App.1978). When the judge assesses punishment, he should be no less open to consideration of the full range of punishment in the light of the relevant evidence. See McClenan v. State, 661 S.W.2d 108, 110 (Tex.Crim.App.1983).

The judge abuses his discretion if he rigidly imposes a maximum sentence and refuses to consider evidence that he is required to receive and weigh. United States v. Long, 656 F.2d 1162, 1165 (5th Cir.1981).

I recognize the general rule that a sentence will not be disturbed on appeal if it is within the range provided by law, Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim. App.1984); Nunez v. State, 565 S.W.2d 536, 538 (Tex.Crim.App.1978) (en banc). Nevertheless, the sentencing process is subject to appellate scrutiny. United States v. Hartford, 489 F.2d 652, 654 (5th Cir.1974); see Jackson, 680 S.W.2d at 814 (sentence by judge who had not heard evidence, based solely on presentence investigation report). My concern here is not the excessiveness of the sentence, but the fairness of the procedure adopted by the judge in determining the sentence. I consider that procedure fundamentally unfair and egregiously erroneous when the judge is unwilling to consider the full range of punishment, just as if the sentence were determined by a jury whose members were unwilling to do so.

### 3. Fairness of Sentencing Tribunal

This conclusion brings me to the constitutional question raised by appellant. In McClenan v. State, 661 S.W.2d 108, 109 (Tex.Crim.App.1983), the Court of Criminal Appeals, overruling its previous decisions, held that bias of the judge is ground for disqualification if the bias is of such a nature and such an extent as to deny the defendant due process of law. The court further held that the judge's arbitrary refusal to consider the entire range of punishment could constitute a denial of due process, and, therefore, in that case, that the defendant's motion to recuse the judge did allege a proper ground, although the record in the case did not support the motion. 661 S.W.2d at 110.

This holding is in accordance with authorities holding that a fair trial by a fair tribunal is a basic requirement of due process. In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955); United States v. Brown, 539 F.2d 467, 469 (5th Cir.1976). Due process requires a neutral and detached hearing body or officer.

Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973) (revocation of probation); Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (revocation of parole). As a test of fairness, the Supreme Court has held that every procedure which would offer a possible temptation to the average man as a judge not to hold the balance nice, clear, and true between the State and the accused denies the accused due process of law. Tumey v. Ohio, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749 (1927); Brown v. Vance, 637 F.2d 272, 278 (5th Cir.1981).

In a number of situations a judge's announced prejudgment has been held to constitute bias depriving the party of due process. United States v. Brown, 539 F.2d 467, 468–69 (5th Cir.1976) (judge's statement "that he was going to get that nigger"), Leighton v. Henderson, 220 Tenn. 91, 414 S.W.2d 419, 421 (1967) (judge's statement of how he would decide case, regardless of proof); Rush v. Denhardt, 138 Ky. 238, 127 S.W. 785, 786 (1910) (county judge's statement that he would "revoke every [liquor] license now in existence"); see Pacific and Southwest Annual Conference v. Superior Court, 82 Cal.App.3d 72, 147 Cal.Rptr. 44, 52–53 (1978) (judge's statement of opinion on merits after preliminary proceedings).

I would hold that a procedure by which the judge announces in advance what punishment he will assess in the event of revocation of probation denies due process because the punishment is likely to be determined by that announcement rather than by the relevant evidence at the punishment hearing. I do not reach this conclusion on federal constitutional grounds because I consider that the same requirement of a fair tribunal is made by article I, section 19, of the Texas Constitution. See Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249, 252–53 (1887); Masonic Grand Chapter of Order of Eastern Star v. Sweatt, 329 S.W.2d 334, 337 (Tex.Civ.App. —Fort Worth 1959, writ ref'd n.r.e.). I would hold, therefore, that the trial court's sentencing procedure in this case is not in accordance with the due course of the law of the land.

### 4. Waiver

Finally, I cannot agree that appellant waived the improper and unconstitutional procedure by which his punishment was assessed. The majority opinion holds that such a waiver occurred because appellant should have called the judge's attention to its error in precluding himself from considering all the evidence. Failure to object does waive rights unless the futility of an objection is apparent. Rovinsky v. McKaskle, 722 F.2d 197, 199–200 (5th Cir.1984); see Webb v. Texas, 409 U.S. 95, 97, 93 S.Ct. 351, 353, 34 L.Ed.2d 330 (1972) (failing to interrupt the judge in the middle of his remarks is not a basis for waiver). Here the evidence of appellant's rehabilitation was admitted by the court on the issue of revocation of probation, but was excluded from the court's consideration on the issue of punishment. The court might have held separate hearings on these issues, but was not required to do so. Duhart v. State, 668 S.W.2d 384, 387 (Tex.Crim.App.1984). According to Duhart, the defendant should have the opportunity to offer appropriate evidence on mitigation of punishment after revocation of probation and adjudication of guilt, if such evidence has not already been elicited during the proceedings and if the defendant requests the opportunity. Id.

Here, since the court held a combined hearing and the evidence had already been introduced and heard by the judge, the defendant was not required to offer the same evidence again. At the same time that the judge pronounced sentence, the judge announced, in effect, that he had not considered the mitigation evidence. This announcement was tantamount to excluding the evidence from consideration on the punishment issue. It must have been clear to appellant's counsel, as it is to me in reading the record, that the ultimate decision had already been made and that no further request or objection would be entertained. Consequently, I would hold that no further objection or request was necessary to complain on appeal of this arbitrary and improper exclusion of evidence highly relevant to the issue of punishment.

This case differs markedly from *Rogers v. State*, 640 S.W.2d 248, 263–64 (Tex.Crim. App.1981), cited in the majority opinion. In *Rogers*, the court "continued" a probation revocation hearing for sixty days to give the defendant a chance to "straighten up," and at the end of that period, the court revoked the probation without hearing further evidence. The record showed, however, that at the sentencing hearing the judge made an inquiry of defendant's counsel whether there was any reason why sentence should not be pronounced, to which counsel replied in the negative. The record also showed that despite several opportunities, the defendant made no objection to the procedure. Consequently, the appellate court held that any due process objection was waived. In the present case, by contrast, appellant had no such opportunity before the final decision was made.

The majority opinion also holds that appellant's failure to file a recusal motion waived the error. This holding assumes that the judge's remark at the original hearing threatening a sixty-year sentence was in itself ground for recusal. I conclude that notwithstanding this remark, the court's prejudgment of the case was not so evident at the beginning of the revocation-punishment hearing that a motion for recusal was then required. The court was still free to consider all relevant evidence and assess the punishment in the light of the evidence. Appellant might reasonably have supposed at the beginning of the second hearing that the judge's previous remark was made in the context of the original hearing and, therefore, was intended as an indication of what he would probably do on the basis of the evidence previously heard. The judge's remark might reasonably have been interpreted as an effort to impress appellant with the serious consequences of a possible violation of probation rather than a prejudgment of the punishment to be assessed regardless of any further evidence, as the judge later showed it to be. Consequently, appellant could reasonably assume that the judge would perform his solemn duty to assess the punishment on consideration of any relevant evidence presented at a later hearing. At the close of the evidence, appellant's counsel urged the court to consider the evidence of appellant's rehabilitation. Not until the very end of the punishment hearing did the judged the punishment and had given no consideration whatsoever to this evidence. At that juncture the decision was made, and in my opinion no recusal motion was necessary.

In these circumstances, and in the absence of an intentional waiver such as that shown in *Rogers*, I would hold that appellant has not waived his basic constitutional right of assessment of punishment by a fair and unbiased tribunal. Although constitutional rights can be waived, such a waiver must be "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Paprskar v. State*, 484 S.W.2d 731, 737 (Tex.Crim.App.1972). I do not think this test was met either by appellant's failure to file a motion to disqualify the judge before the probation revocation punishment hearing began or by his failure to voice futile objections at the close of the hearing when the punishment had already been announced. Consequently, I would reverse the judgment insofar as it assesses appellant's punishment in each case at sixty years and would remand the case to the trial court with an instruction to conduct a punishment hearing before a different judge.