**Collin PIPKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–87–025–CR.**

Court of Appeals of Texas,
Texarkana.

April 19, 1988.

Bill Hayes Daniels, Houston, for appellant.

Bonnie Leggat, Dist. Atty., Marshall, for appellee.

BLEIL, Justice.

Collin Pipkin appeals a judgment revoking his unadjudicated probation, determining his guilt and sentencing him to sixty years' confinement. We affirm.

On November 4, 1986, Pipkin pleaded guilty to burglary of a habitation. The trial court placed Pipkin on unadjudicated probation for ten years and ordered restitution. On April 16, 1987, the State filed a motion to proceed with adjudication of guilt on the ground that Pipkin had violated his probation. Upon Pipkin's plea of true to the allegation that he had violated his probation, the trial court found him guilty of the originally charged offense and assessed punishment at sixty years' confinement.

Pipkin claims error in the trial court's assessment of his punishment at the time it granted probation and before an adjudication of guilt. Pipkin contends the trial court's action in assessing punishment before the adjudication of guilt violates Tex. Code Crim.Proc.Ann. art. 42.12 (Vernon Supp.1988). Alternatively, Pipkin maintains that the trial court's action effectively denied his due process rights granted by the Texas Constitution.

■ Pipkin complains specifically about a statement by the trial court during its admonishment about the effect of a guilty plea. Initially, the trial court informed Pipkin as to the full range of punishment for the charged offense. Later during the hearing, after the trial court stated it would grant unadjudicated probation, the trial court added:

> All right, do you understand, Mr. Pipkin, if you mess up in anyway, anyway whatsoever, you are going to get the sixty years?
>
> . . . .
>
> All right, Mr. Pipkin, I am making a docket entry now, that if you are revoked, you are to get sixty years, plus a $10,000 fine. Just in case I forget.
>
> . . . .
>
> And I'm going to pop you if you come back in here. I'm going to do everything I told you I was going to do.

Pipkin cites Tex.Code Crim.Proc.Ann. art. 42.12 for authority that the trial court's action was improper. Section 3 of Article 42.12 authorizes judges of courts having original jurisdiction of criminal actions to suspend imposition of the sentence and place the defendant on probation "after conviction or a plea of guilty or nolo contendere for any crime or offense...." This provision has been held to limit the trial court to use of the suspension of imposition of sentence method of granting probation and under such procedure, sentence may never be imposed except following revocation of probation. *Teel v. State*, 432 S.W.2d 911 (Tex.Crim.App.1968); *Anderson v. State*, 421 S.W.2d 667 (Tex. Crim.App.1967).

We find no merit in Pipkin's contention that the trial court violated Article 42.12 in sentencing him before it placed him on probation. The trial court did not impose sentence at the time it granted unadjudicated probation. A statement of what the court intends to do if and when unadjudicated probation is revoked does not qualify as a formal imposition of sentence under Article 42.12. The trial court did not impose sentence until it found Pipkin guilty as charged, based on his guilty plea, and announced, "I hereby sentence you to sixty years confinement in the Texas Department of Corrections...."

Pipkin alternatively contends that in stating what the punishment would be in the event his probation was revoked, the trial court effectively denied his right to due process of the law as guaranteed by the Texas Constitution. Pipkin relies on the dissenting opinion in *Fielding v. State*, 719 S.W.2d 361 (Tex.App.—Dallas 1986, pet. ref'd), in which Chief Justice Guittard stated that "a procedure by which the judge announces in advance what punishment he will assess in the event of revocation of probation denies due process because the punishment is likely to be determined by that announcement rather than by the relevant evidence at the punishment hearing." 719 S.W.2d at 371. While we recognize the credibility of this argument and concede that the trial court's announcement of the sentence he intended to impose prior to adjudication and revocation of probation is not an advisable procedure, we do not find reversible error in this case. Although the dissenting opinion in *Fielding* seems logical and well reasoned, it does not represent the law in Texas. *Fielding v. State*, 719 S.W.2d at 363, 364; *see also Contreras v. State*, 645 S.W.2d 298 (Tex. Crim.App.1983); *Williams v. State*, 592 S.W.2d 931 (Tex.Crim.App.1979).

We affirm the judgment of conviction.