NO. 12-00-00181-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




ROBERT FRANKLIN CALDWELL,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






PER CURIAM


 Robert Franklin Caldwell ("Appellant") filed a motion for rehearing. The State failed to file
a response as requested. Appellant's motion for rehearing is granted. Accordingly the opinion of
July 25, 2001 is hereby withdrawn and the following opinion is substituted in its place.

 Robert Franklin Caldwell appeals the revocation of his probation and adjudication of guilt
for which he was sentenced to twenty-five years of confinement. Appellant raises one issue on
appeal. We dismiss Appellant's appeal for want of jurisdiction in part and affirm in part.


Background

 Pursuant to a plea bargain with the State of Texas (the "State"), Appellant pled guilty to
aggravated assault. The court deferred finding Appellant guilty and placed him on probation for a
period of ten years. On February 9, 2000, the State filed a motion to revoke Appellant's probation
and to proceed to adjudication, alleging that Appellant had violated the terms of his probation. A
hearing was held on the State's motion to revoke and the court found that Appellant had violated the
terms of his probation as alleged. The trial court revoked Appellant's probation, proceeded to
adjudicate Appellant guilty of aggravated assault and assessed Appellant's punishment at twenty-five
years of confinement. On appeal, Appellant contends that the trial court did not act as a neutral and
detached magistrate in that it had predetermined the result of the hearing on the State's motion to
adjudicate and predetermined the type of punishment to be imposed on Appellant. (1) 


Appealing Revocation of Deferred Adjudicated Probation Texas Code of Criminal Procedure Article 42.12 section 5(b) governs the situation at issue
to the extent that the trial judge allegedly predetermined the issue of whether to proceed to
adjudication. Article 42.12 section 5(b) states:


 On violation of a condition of community supervision imposed under Subsection (a) of this section,
the defendant may be arrested and detained as provided in Section 21 of this article. The defendant
is entitled to a hearing limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this determination. 
(Emphasis added).


Tex. Code. Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2001). 

 In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the Court of Criminal Appeals
recently reiterated a long line of cases dealing with situations similar to the instant case. See
Connolly, 983 S.W.2d at 740-41, citing Williams v. State, 492 S.W.2d 931, 932-33 (Tex. Crim.
App. 1979) (trial court's decision to proceed with an adjudication of guilt is one of absolute
discretion and is not reviewable); Wright v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980)
(under the terms of the statute, no appeal may be taken from the hearing in which the trial court
determines to proceed with an adjudication of guilt on the original charge); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court's decision to revoke probation and
adjudicate, even if Appellant's right to counsel had been violated, Appellant could not use direct
appeal as the vehicle with which to seek redress); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992) (explaining that Court of Criminal Appeals had "held from the beginning of
deferred adjudication practice that the Legislature [had] meant what it said in Article 42.12 § 5(b)"). 
The Court continued:


 In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).


Connolly, 983 S.W.2d at 741. 

 In our view, given the factual similarities between Connolly and the case at hand, the
holdings in Connolly and the cases cited therein control the instant case as it relates to the trial
court's decision to proceed to adjudication. Here, Appellant contends that the trial court did not act
as a neutral and detached magistrate in that it had predetermined the result of the hearing on the
State's motion to adjudicate. Given the plain meaning of Article 42.12 section 5(b) and the long line
of authority from the Court of Criminal Appeals on this issue, we hold that Appellant cannot raise
this issue, which arises out of the trial court's decision to proceed with the adjudication of guilt
following the revocation of Appellant's probation.

 However, Appellant also contends that the trial judge improperly predetermined the
punishment to be imposed on Appellant, without considering all available punishment options. 
Article 42.12 § 5(b) provides that "[a]fter an adjudication of guilt, all proceedings, including
assessment of punishment...and defendant's appeal continue as if the adjudication of guilt had not
been deferred." Tex. Code. Crim. Proc. art. 42.12 § 5(b). Thus, our consideration of the
punishment portion of Appellant's issue is appropriate.

 Appellant contends that the trial court's actions violated his right to due process. In support
of his contention, Appellant cites McClenan v. State, 661 S.W.2d 108 (Tex. Crim. App. 1983) and
Fielding v. State, 719 S.W.2d 361 (Tex. App.- Dallas 1986, writ ref'd). In Fielding, the Dallas
Court of Appeals held that the appellant had waived any error by his failure to timely object or file
a recusal motion. (2) See Fielding, 719 S.W.2d at 367, citing Rogers v. State, 640 S.W.2d 248, 264
(Tex. Crim. App. 1982) (T.G. Davis, Dally, and W.C. Davis, JJ., dissenting). Further, the Court of
Criminal Appeals noted in McClenan that the appellant had filed a motion to recuse.

 In the case at hand, Appellant did not file a motion to recuse. Moreover, there is no
indication in the reporter's record that any objection was made to the statements by the trial judge
of which Appellant now complains on appeal. If the trial judge committed errors sufficient to
warrant reversal on appeal, such errors deserved at least an objection or, better, a motion to recuse. 
See Fielding, 719 S.W.2d at 367. Appellant's failure to timely object or file a recusal motion waived
the error, if any. Id. Thus, to the extent that Appellant's first issue concerns the trial court's
imposition of punishment, it is overruled.

 Accordingly, this appeal is dismissed for want of jurisdiction in part and the remainder of
the judgment of the trial court is affirmed.


Opinion delivered September 24, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





















(DO NOT PUBLISH)

1. Appellant bases his contention on statements made by the trial judge prior to the revocation of his
probation. Specifically, the trial judge, both prior to accepting the plea bargain and at the original sentencing
hearing, informed Appellant that if it was later proven that he violated his probation, his probation would be revoked
and he would go to prison.
2. The Court further noted that the appellant did not raise the complaint until his motion for new trial.