NO. 12-01-00093-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


SHANNON DEAN PARMER,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Shannon Dean Parmer ("Appellant") appeals the revocation of his probation and sentence
of imprisonment for four years. Appellant raises one issue on appeal. We affirm.


Background

 On November 27, 2000, pursuant to a plea bargain with the State of Texas (the "State"),
Appellant pleaded guilty to unauthorized use of a motor vehicle. The trial court adjudicated
Appellant guilty and sentenced him to imprisonment for ten years, but probated Appellant's sentence
for a period of five years. At the sentencing hearing, the trial judge stated:


 But you understand in this court, you know how it works in here. If a violation is ever proven of any
condition of probation, you will be revoked and you'll be going to prison. You understand? ... So
don't try to rationalize around it to give [in to] temptation because you know what you're looking at,
ten years in prison . . . There are lots of other conditions. Make sure you understand them all before
you leave today. Then obviously if you fail to report to jail at the appropriate time any time, then
that's a violation that can get you revoked if proven and then you're on your way to prison if that's
done. ... I hope you don't give in, but you know what happens if you do. 

 Subsequently, the State filed a motion to revoke Appellant's probation, alleging that
Appellant had violated certain terms of his probation. A hearing was held on the State's motion and
the trial court found that Appellant had violated certain terms of his probation as alleged. Prior to
announcing Appellant's sentence, the trial judge stated: "There are consequences to not doing
what's ordered and the consequence is, as I told you when I gave you this other chance on probation,
if there's any violations you get revoked; and there was a violation, so, Mr. Parmer, you get
revoked." The trial judge then assessed Appellant's punishment at imprisonment for four years.


Preservation of Error Involving

Allegations of Predetermination of Sentence

 Appellant contends that the trial judge failed to act as a neutral and detached magistrate when
he improperly predetermined the punishment to be imposed on Appellant, rather than considering
all available punishment options. Appellant argues that the trial judge's actions violated his
constitutional rights of due process and equal protection under the law. In Fielding v. State, 719
S.W.2d 361 (Tex. App.-Dallas 1986, writ ref'd), the Dallas Court of Appeals held that the appellant
had waived any such error by his failure to timely object or file a recusal motion, even where the
issue was raised in the appellant's motion for new trial. See Fielding, 719 S.W.2d at 367, citing
Rogers v. State, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982) (T.G. Davis, Dally, and W.C. Davis,
JJ., dissenting). The court of criminal appeals has recently reversed a decision of the First Court of
Appeals on similar grounds. See Hull v. State, No. 1812-00, 2002 Tex. Crim. App. LEXIS 16
(January 30, 2002). Relying on Texas Rule of Appellate Procedure 33.1, the court of criminal
appeals held that the court of appeals erred in concluding that the written conditions of probation
somehow excused appellant from objecting to the trial court's "zero-tolerance" policy toward the
appellant's probation. See Id. at 3. If the trial judge in the instant case committed errors sufficient
to warrant reversal on appeal, such errors deserved at least an objection or, better, a motion to recuse. 
See Fielding, 719 S.W.2d at 367. As such, in accordance with the Texas Rules of Appellate
procedure and the recent decision of the court of criminal appeals on this issue, we hold that
Appellant, by his failure to timely object to the trial judge's statements allegedly indicative of the
trial judge's predetermination of punishment, waived his right to raise that issue on appeal. See Hull
v. State, 2002 Tex. Crim. App. LEXIS 16, at 2; Tex. R. App. P. 33.1(a)(1)(A) ("As a prerequisite to
presenting a complaint for appellate review, the record must show that the complaint was made to
the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to make the trial court aware
of the complaint . . . ").

 Accordingly, the trial court's order revoking Appellant's probation and the sentence imposed
are affirmed.


Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
















(DO NOT PUBLISH)