RODOLFO GARCIA 768418

LYNAUGH UNIT

1098 S.HIGHWAY 2037

FT.STOCKTON,TX 79735

37,925-10

COURT OF CRIMINAL APPEALS OF TEXAS

P.O.BOX 12308,CAPITOL STATION,

AUSTIN,TEXAS 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

**RE: THE STATE OF TEXAS VS.RODOLFO GARCIA CAUSE# 2154 and 2156.**

Dear Court Of Criminal Appeals Of Texas:

In June 24th 2013 I sent two Motions to the 83rd District Clerk to this address Gayle Henderson toxthisxaddress 400 S.Nelson St. Fort Stockton,Texas 79735.

The two motions are for Court to order District Attorney to file Motion to reopen punishment in the above cause numbers.

To this day Feb. __18__ 2015 I would like confirmation when these documents were filed with the Court and aproximate date these documents are schedule on the Court Docket for considerati on. Your assistance in this matter is appreciated.

Thank You.

Sincerely,

*Rodolfo Garcia*

CAUSE No. 2154 & 2156

THE STATE OF TEXAS          (        IN THE 83rd DISTRICT

      Vs.                     )       COURT OF

RODOLFO ALVARADO GARCIA     (       PECOS COUNTY, TEXAS

## MOTION FOR RULING ON PENDING MOTION
## TO REOPEN PUNISHMENT

     Comes now Rodolfo A.Garcia and moves this court to rule upon petitioners motion for District Attorney to reopen punishment mailed this court in June 28,2013. In support petitioner would show the following.

     The Court of Criminal Appeals has ruled in **RE STATE EX REL YOUNG 236 SW.3d 207,210 (XR.App 2007)**(Trial court has a ministerial duty to rule on a properly filed motion timely presented for a ruling).See also **IN RE SHAW 175 SW.3rd 901,904(TX.App.Texarkana 2005)**(WHEN A MOTION is properly filed and pending before trial court,considering and ruling on that motion is a ministerial act and mandamus may issue to compel trial court to act).

     Petitioner has given trial court proper notice by way of motion to reopen punishment where this courts judgement of two 40 year terms consecutive violate Article 1 ss 15,Tx.Const.By removal of from a felony altogether and violates Art.26.14 VACCP'S prohibition of sentencing in any manner than by assessment of an absolute fixed term,or empaneling a jury to assess the punishment.

     This court has the power and authority to correct an illegal sentence at any time,see **MIZELL V.STATE** 119 SW 3rd 804,806-807(2003 and it is mandatory the court correct its void,it has no discretion whether it wants to hear the issue,see **METROPOLITAN TRANSIT AUTHORITY VS. JACKSON** 212 SW 3rd 797,802 (HOUSTON APP.2006).

(1)

## GROUND OF ERROR No. 1

### INEFFECTIVE ASSISTANCE OF TRIAL
### COUNSEL IN PUNISHMENT STAGE

1. The sixth amendment of the U.S.Constitution guarentees every accused the right of effective assistance of counsel in a criminal proceeding against him;and the accused must demostrate counsel acts or omission failed to meet the prevailing professional norms expected of competent counsel, STRICKLAND V.WASHINGTON 104 S.Ct. 2052 At 2066 (1980).He must also demostrate he was prejudiced by counsels deficient performance,ID at 2067."Prejudice is demostrated when reasonable probability exists that the outcome of proceeding may have been different,ID at 2068" .

2. An attorney is responsable for knowing the laws and procedures of the State he practices in and how those laws and practices apply, FIELDING V. STATE 719 SW 2nd 361,367 (APP.Dallas 1986); EX PARTE WELBURN, 785 SW 2nd 391,393-394 (Crim.App.1980)(Trial Counsel must have a firm grip on the applicable law.) When he fails to properly prepare,argue or object to proceedings not authorized by law,deffenda nt has been prejudiced by incompetency!

3. In the instant case trial counsel failed to famalarize himself with the laws governing plea proceedings; that failure resulted in defendant not being told he was constitutionally prohibited from entering into contract with the State to accept a 40 year sentence under Art. 5 ss 10,TX.Const. And the Criminal laws of Texas.

4. Defendant was never admonished Texas Law,Art.26.14 VACCP limited punishment to the minimum term for a first degree felony (5) Years and if the court refused to follow legeslative fixed terms,defendant had the right to withdraw his plea and proceed to trial by jury.

5. Defense counsels ignorance the plea practice developed in the District Courts violate defendant's right of trial by jury under Art. 1 ss 15 Tx.Const,by unlawful removal of jury from a felony matter,conduct an unlawful bench trial not provided by law and was prejudiced by entering into an unlawful agreement to surrender liberty before a judge having no authority to assess punishment beyond the absolute fixed term established by the legislature; thus violate Art. 1 ss 15,TX.Const. and Art. 26.14 VACCP.

6. Defense counsels blind acceptance of plea practices in the District Court without having examined Art. 26.14 VACCP, requiring absolute fixed terms or jury punishment has been law since 1965,not to understand this caused defendant to waive his liberty in violation of common law and suffer imprisonment of 3 years beyond the 5 years prescribed by legislature.

## GROUND OF ERROR No.2
### PROSECUTORIAL MISCONDUCT IN THE
### SENTENCING STAGE OF TRIAL

7.Prosecution,like defense counsel,is responsible for knowing the laws and procedures of the State he practices in,FIELDING V.STATE,supra (1986); EX PARTE WELBURN,supra (1990).

8. Prosecution,like defense counsel,failed to understand the constitutional provisions and statutory limitations governing plea proceedings; that faailure caused prosecution to mis advise the judge of proper punishment range fixed by legislature (5)yea rs that limited judges authority to assess punishment;causing judge to enter a void judgement of sentence beyond statutory maximum,Art.26.14 VACCP And violate right of trial by jury under Art.1 ss 15.Tx.Const. and conduct an unlawful bench trial..

9. Had prosecution a firm grip on the common law base of all Texas Law,defendant would not have been allowed to enter agreement to voluntarily surrender is liberty because prosecution like defendant,is prohibited from seeking loss of liberty at its discretion,punishment is beyond the scope of either party and duly placed in the hands of a jury or fixed term by legislati tion.

10. Prosecution's ignorance of the unlawfulness of punishment in this matter,and refusal to activate its mandatory ministerial duty under Art.44.02 (A)(6)VACCP to reopen punishment when made aware such was illegal shows bad faith sufficient to deprive defendant of due process of law by refusing to render corrective process available under law to leave defendant in an unconstituti onal imprisonment beyond punishment established by the legislature of Texas.

GROUND OF ERROR No.3

## VOID JUDGEMENT AND ILLEGAL PUNISHMENT

11. Defendant motioned this court for issuance of an order that prosecution file for reopening of the punishment to correct an otherwise void punishment beyond statutory maximums for plea proceedings; in this the court has not address the motion for ordered prosecution to commence correction authorized under

Art. 44.02 (A)(6) VACCP., to leave defendant under a void judgement as discussed in the motion to reopen,as such,this court has shown little regard for its oath of office and less for the rights of the citizen under State or U.S.Constitutional law of due process or due course of law.

12. Because none appear aware Texas Law does not allow removal of jury from a felony case with the exception when punishment is absolutely fixed by the legislature,defendant submits the current practice allowing full bench trial on a plea is based on an erroneous presumtion a 1966 change in Article 37.07 ss2 VACCP Allowing jury to find guilt and judge to assess punishment has been misconstrued deliberately to subvert the mandatory minimum sentence authorized in Art.26.14 VACCP without concern trial judge usurps jury authority in violaton of Art.1 ss 15.TX. Const.(Jusy to remain inviolate in a felony matter). Void punishment is a structural error raisable at any time,HEATH V. STATE 817 SW 2nd 335,336 (1991) Cf.EX PARTE BECK 922 SW 2nd 181,182 (Tc. Crim.App.1996) And the court of Criminal Appeals has ruled Habeas relief will issue to person in custody of a void sentence because punishment is unauthorized,see EX PARTE Mciver 586 SW 2nd 851,854 (1979).

13 Defendant is entitled to Habeas Corpus relief and dischar ge for time served because failure of defense counsel,prosecution and trial judge to conduct itself within the confines of the law have prejudiced defendant where he has lost witnesses,evid ence and confidence his rights will be adheared to where custom and practice superceeds legal knowledge what is allowable under common law.

For the reasons stated above, habeas corpus should be granted and defendant be ordered release from further restraint for time served.

Respectfully Submitted,
RODOLFO Garcia 768418
Lynaugh Unit 1098 S.
Highway 2037
FT.STOCKTON,TX 79735

*Rodolfo Garcia*

## UNSWORN DECLARATION

I,Rodolfo A.Garcia,being incarcerated in the Texas Department of Criminal Justice Lynaugh Unit on Pecos County Texas.,Hereby swear the facts and statements in this document are true and correct. Sworn to under penalty of perjury,this ----- day of Feb.18 2015.

*Rodolfo Garcia*

## CERTIFICATE OF SERVICE

I certify I have placed a document entitled brief in support of Habeas Corpus in the United States Mail,postage pre-paid and addressed to Gayle Henderson,District clerk,83rd District Court, 400 S.Nelson,Fort Stockton,Texas 79735 on this date the _18_ DAY OF Feb.18 2015 Sworn to under penalty of perjury.

*Rodolfo Garcia*

(6)

THE STATE OF TEXAS      (       IN THE 83rd DISTRICT COURT
     VS.              )       OF PECOS COUNTY,TEXAS
RODOLFO GARCIA      (       FT.STOCKTON,TEXAS 79735
                  )
                  (
                  )
                  (

## MOTION FOR DISTRICT ATTORNEY
### TO REOPEN PUNISHMENT

COMES NOW RODOLFO GARCIA AND MOTIONS THIS HONORABLE COURT TO ORDER THE DISTRICT ATTORNEY FOR THE 83rd JUDICIAL DISTRICT OF PECOS COUNTY TEXAS TO REOPEN PUNISHMENT IN THE ABOVE NUMBERED CAUSE WHERE THE RECORD REFLECTS PUNISHMENT RECOMMENDED BY PROSECUTION AND ASSESSED BY THE COURT WAS OUTSIDE STATUTORY RANGE GOVERNING PLEA PROCEEDINGS.

### JURISDICTION TO REOPEN

PROSECUTION HAS AUTHORITY TO REOPEN PUNISHMENT BECAUSE:
ART. 1 ss 13 TX CONST.PROVIDES IN PART EVERY PERSON,FOR AN INJURY DONE HIM... IN HIS PERSON SHALL HAVE A REMEDY BY DUE COURSE OF LAW.

ART.1 ss 19 TX. CONST. PROVIDES NO CITIZEN OF THIS STATE SHALL BE DEPRIVED OF ...LIBERTY...OR IN ANY MANNER DISFRANCHISED WITHOUT DUE COURSE OF LAW.

ART.44.01 (A) VACCP PROVIDES THE STATE AUTHORITY TO APPEAL SENTENCES IF ILLEGAL.

### LAWS GOVERNING ISSUE

ART.1 ss 15 TX.CONST.PROVIDES TRIAL BY JURY SHALL REMAIN INVIOLATE.

ART.5 ss 10 TX.CONST.PROHIBITS PARTIES IN FELONY CASES FROM VOLUNTARILY GIVING UP HIS LIFE OR LIBERTY UNDER COMMON LAW, WHICH IS CODIFIED IN:

ART.26.14 VACCP LIMITING SENTENCING IN PLEA PROCEEDINGS TO AN ABSOLUTE FIXED TERM BY LEGISLATION OR SENTENCING BY JURY.

(1)

RECEIVED IN
COURT OF CRIMINAL APPEALS
COURT OF ... APPEALS

FEB 23 2015

Abel Acosta, Clerk

Petitioner asks this court to render a decision on his motion for District Attorney to reopen punishment within 15 working days from receipt of this Motion; otherwise petitioner will seek Mandamus to compell performance.

Respectfully Submitted,

_Rodolfo Garcia_

Rodolfo Garcia 768418

## CERTIFICATE OF SERVICE

Icertify I have a document titled Motion for ruling on pending motion to reopen punishment in the U.S. Mail postage pre-paid and addressed to Gayle Henderson,District Clerk,400 S. Nelson Fort Stockt on ,Texas 79735.

On this the----18----day of Feb.2015 sworn to under penalty of perjury.

Rodolfo Garcia 768418

_Rodolfo Garcia_

Lynaugh Unit
1098 S.Highway 2037
Ft.Stockton,TX 79735