71 S.W.3d 498 (2002)
Cedrick WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 12-01-00133-CR.
Court of Appeals of Texas, Tyler.
February 20, 2002.
Cedrick Washington, pro se.
Joe E. Griffith Jr., Griffith & Griffith, PC, Crockett, for appellant.
Donna J. Gordon, Crockett, for appellee.
Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.
SAM GRIFFITH, Justice.
Cedrick Washington ("Appellant") appeals the revocation of his probation, adjudication of guilt and his sentence to imprisonment for one year. Appellant raises one issue on appeal. We affirm.

BACKGROUND
Pursuant to a plea bargain with the State of Texas (the "State"), Appellant pleaded guilty to harboring a runaway child. The trial court deferred finding Appellant guilty and placed him on probation for a period of six months. On August 2, 2001, the State filed a motion to proceed to adjudication of guilt, alleging that Appellant *499 had violated the terms of his probation. A hearing was held on the State's motion and the court found that Appellant had violated certain terms of his probation as alleged. The trial court revoked Appellant's probation and proceeded to adjudicate Appellant guilty of harboring a runaway child. However, prior to announcing Appellant's punishment, the trial court stated:
I know that I also set forth at the time when I placed you on community supervision that I thought this was one of the more serious cases that I had on my docket and I thought you were getting a real sweetheart of a deal for getting six months on community supervision and I told you then that if you did not follow the terms of my community supervision that I was going to have the opportunity to adjudicate you and that I would adjudicate you to the maximum amount that I could on this case. Didn't I? I did say that, ... and I meant that.
The trial judge then assessed Appellant's punishment at one year of confinement.

PRESERVATION OF ERROR INVOLVING ALLEGATIONS OF PREDETERMINATION OF SENTENCE
Appellant contends that the trial judge improperly predetermined the punishment to be imposed on Appellant, without considering all available punishment options. Article 42.12 § 5(b) provides that "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment... and defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex.Code.Crim. Proc. art. 42.12 § 5(b). Thus, although we may not review a trial court's decision to proceed with an adjudication of guilt on the original charge, our consideration of issues related to the trial court's assessment of punishment is appropriate. Id.
Appellant contends that the trial court's actions violated his constitutional right to due process. Appellant cites McClenan v. State, 661 S.W.2d 108 (Tex. Crim.App.1983) and Hull v. State, 29 S.W.3d 602 (Tex.App.-Houston [1st Dist.] 2000), reversed, Hull v. State, 67 S.W.3d 215 (2002), in support of his proposition that by predetermining punishment, a trial judge commits reversible error. However, in Fielding v. State, 719 S.W.2d 361 (Tex. App.-Dallas 1986, writ ref'd), the Dallas Court of Appeals held that the appellant had waived any error by his failure to timely object or file a recusal motion, even where the issue was raised in the appellant's motion for new trial. See Fielding, 719 S.W.2d at 367, citing Rogers v. State, 640 S.W.2d 248, 264 (Tex.Crim.App.1981) (T.G. Davis, Dally, and W.C. Davis, JJ., dissenting). Further, the court of criminal appeals noted in McClenan that the appellant had filed a motion to recuse. See McClenan, 661 S.W.2d at 109. Applying a similar rationale, the court of criminal appeals recently overruled the decision of the First Court of Appeals in Hull v. State, 29 S.W.3d at 602. Relying on Texas Rule of Appellate Procedure 33.1, the court held that the court of appeals erred in concluding that the written conditions of probation somehow excused appellant from objecting to the trial court's "zero-tolerance" policy toward the appellant's probation. See Hull v. State, 67 S.W.3d 215, 218. If the trial judge in the instant case committed errors sufficient to warrant reversal on appeal, such errors deserved at least an objection or, better, a motion to recuse. See Fielding, 719 S.W.2d at 367. As such, in accordance with the Texas Rules of Appellate procedure and the recent decision of the court of criminal appeals on this issue, we hold that Appellant, by his failure to timely object to the trial judge's statement allegedly indicative of the trial judge's predetermination of punishment, *500 waived his right to raise that issue on appeal. See Hull v. State, 67 S.W.3d 215, 218; Tex.R.App. P. 33.1(a)(1)(A) ("As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint...").
Accordingly, the trial court's order revoking Appellant's probation and the sentence imposed are affirmed.