In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00011-CV
______________________________


BENNY FOPAY AND SUSANN FOPAY, Appellants/Cross-Appellees
Â 
V.
Â 
TUCKER'S BEVERAGES, INC., AND EDDIE ISAAC MOORE, JR., 
 Appellees/Cross-Appellants


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 01-0338


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Appellants/Cross-Appellees, Benny Fopay and Susann Fopay, move this Court to dismiss
their appeal against Tucker's Beverages, Inc., and Eddie Isaac Moore, Jr., Appellees/Cross-Appellants. To provide the relief sought, we order the Fopays' appeal severed from the main body
of this case and we assign it to cause number 06-04-00011-CV.
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the Fopays' appeal. Cross-Appellants' appeal remains before the Court. Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief JusticeÂ 

Date Submitted:Â Â Â Â Â Â Â Â Â Â January 21, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â January 22, 2004



Medium Grid 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00228-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DAMARCUS RAY HANCOCK,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 114th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Smith County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 114-1678-07

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Having
been charged with the offense of sexual assault in Smith County, Texas,
Damarcus Ray Hancock entered a plea of guilty and was placed on deferred
adjudication community supervision by order entered February 13, 2008.Â  See
Tex. Penal Code Ann. Â§ 22.011
(Vernon Supp. 2009).Â  Following the
filing of a motion to adjudicate citing multiple violations of the terms of
community supervision, Hancock was adjudicated guilty and sentenced to fifteen
yearsÂ imprisonment by order of final adjudication entered October 14, 2009. Â Hancock appeals the adjudication of his guilt,
contending that he was denied due process because the trial court abused its
discretion by refusing to consider the full range of punishment.[1]Â  

Â Â Â Â Â Â Â Â Â Â Â  The
Constitutional mandate of due process requires a neutral and detached judicial
officer who will consider the full range of punishment and mitigating
evidence.Â  See Gagnon v. Scarpelli, 411 U.S. 778, 786Â87 (1973).Â  A trial court denies due process when it
arbitrarily refuses to consider the entire range of punishment for an offense
or refuses to consider mitigating evidence and imposes a predetermined
punishment.Â  Ex parte Brown, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005).Â  In the absence of a clear showing to the
contrary, we presume that the trial court was neutral and detached.Â  Fielding
v. State, 719 S.W.2d 361, 366 (Tex. App.ÂDallas 1986, pet. refÂd) (citing Thompson v. State, 641 S.W.2d 920, 921
(Tex. Crim. App. 1982)).

Â Â Â Â Â Â Â Â Â Â Â  Hancock
contends the record shows that the court refused to consider the full range of
punishment and thus violated his due process rights because Â[u]pon hearing the
stateÂs recommendation, the trial court immediately agreed.ÂÂ  Hancock asserts this shows an arbitrary
refusal of the trial court to consider the entire range of punishment.

Â Â Â Â Â Â Â Â Â Â Â  A
court denies due process and due course of law if it arbitrarily refuses to
consider the entire range of punishment for an offense or refuses to consider
the evidence and imposes a predetermined punishment.Â  Granados
v. State, 85 S.W.3d 217 (Tex. Crim. App. 2002); Johnson v. State, 982 S.W.2d 403, 405 (Tex. Crim. App. 1998).Â  However, such a complaint is not preserved
for error unless a timely objection is raised.Â 
Teixeira v. State, 89 S.W.3d
190, 192 (Tex. App.ÂTexarkana 2002, pet. refÂd); Washington v. State, 71 S.W.3d 498, 499 (Tex. App.ÂTyler 2002, no
pet.); Cole v. State, 757 S.W.2d 864,
866 (Tex. App.ÂTexarkana 1988, pet. refÂd).Â 
No objection was made to the courtÂs ruling; thus, the complaint was not
preserved.

Â Â Â Â Â Â Â Â Â Â Â  Even
if we could properly reach this issue, the record does not show that the trial
court did not consider the entire range of punishment.Â  What the record does reflect is that the
court listened to evidence that Hancock:Â 
(1) failed to register as a sex offender; (2) moved his residence, but
failed to notify his community supervision officer prior to the move; (3)
failed to report in person to his community supervision person within
forty-eight hours after any arrest; (4) failed to pay community supervision
fees for several months; (5) failed to pay court costs; (6) failed to pay
restitution; (7) failed to pay a fee to the Smith County Community Supervision
and Corrections Department in the amount of $15.00 for the cost of the
substance abuse questionnaire; (8) failed to pay a fee to that same department
in the amount of $50.00 for the Crimestoppers program; (9)Â failed to pay a
fee of $100.00 for preparation of the presentence investigation (PSI) report;
(10)Â failed to write an Âunequivocal letter of apologyÂ to the victim on
or before February 27, 2008; (11) failed to send reports to the Smith County
Community Supervision and Corrections Office; (12) failed to report to his
community supervision officer sixty-three times between June 2, 2008 and AugustÂ 24,
2009; (13) failed to pay a supervision fee of $5.00 per month for several
months for remittance to the state comptroller on conviction of a sex offense;
and (14) failed to attend and participate fully in and successfully complete
psychological counseling and treatment sessions for sex offenders.Â  Hancock pled ÂtrueÂ to all the allegations
contained in the motion to adjudicate.Â 
The court also considered the fact that Hancock admitted having a
juvenile record based on his participation in a riot, and reviewed HancockÂs
PSI report.

Â Â Â Â Â Â Â Â Â Â Â  After
the trial court first heard the StateÂs recommendation of fifteen years,
defense counsel then presented his closing argument to the court.Â  The court then heard the entirety of that
closing argument, and the StateÂs rebuttal, where the State again reiterated
that it believed fifteen years was an appropriate sentence, before the court
stated, ÂThe Court now, based on the plea and the evidence, assesses punishment
at 15 years confinement in the Institutional Division.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  We
conclude the record does not show that the trial court failed to consider the
entire range of punishment.Â  We overrule
the contention of error.

Â Â Â Â Â Â Â Â Â Â Â  We affirm the trial courtÂs
judgment.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  July 19, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  July 20, 2010

Â 

Do Not Publish

Â 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.Â  See Tex. GovÂt Code Ann.
Â§ 73.001 (Vernon 2005).Â  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.Â  See Tex.
R. App. P. 41.3.