NO.
12-06-00038-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

CASEY ALLEN SCOTT,      §          APPEAL
FROM THE 159TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          ANGELINA
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Casey Allen
Scott appeals the revocation of his community supervision.  In one issue, he alleges that the trial court
violated his right to due course of law by not considering the full range of
available punishment before determining his sentence.  We affirm.

 

Background

            While
a juvenile, Appellant admitted that he committed what would have been the
offense of indecency with a child were he an adult.  He was placed on community supervision with
an agreement that his case would be transferred to district court before his
eighteenth birthday.  Later, the case was
transferred to district court, and Appellant was formally adjudicated as an
adult, found guilty, and again given a suspended sentence.  In October 2005, the State filed a petition
to revoke Appellant’s community supervision. 
Appellant admitted several of the grounds alleged in the State’s
petition, and the trial court found others to be true.  








            The
matter was recessed, and a presentence investigation report was prepared.  After consideration of the report and the
reception of evidence, the trial court assessed punishment at ten years of
imprisonment.  During the court’s
rendition of the sentence, the judge said, “And I am compelled, based on the
criteria that I follow as the Judge of the 159th District Court, to revoke the
probation and affirm the sentence previously imposed of ten years Texas
Department of Criminal Justice, Institutional Division.”  Shortly thereafter, the trial court said, “I
am not happy about doing this.  I’ve
never sent a 19-year-old to the penitentiary for ten years.  But the criteria that I follow compels me to
do that.”

            This
appeal followed.  

Due Course
of Law

            In
a single issue, Appellant argues that the trial court did not consider the full
range of available punishment when determining his sentence.

Analysis

            A
trial court’s arbitrary refusal to consider the entire range of punishment for
an offense or refusal to consider the evidence and impose a predetermined
punishment violates due process.  See Ex
parte Brown, 158 S.W.3d 449, 456–57 (Tex. Crim. App. 2005).  Appellant did not object to his sentence.  Some complaints about prejudgment require a
contemporaneous objection, and the State argues that this complaint is
waived.  See Tex. R. App. P. 33.1(a)(1); Hull
v. State, 67 S.W.3d 215, 217–18 (Tex. Crim. App. 2002); Washington
v. State, 71 S.W.3d 498, 499–500 (Tex. App.–Tyler 2002, no pet.).

            In
Brown, 158 S.W.3d at 453 n.3, the court of criminal appeals
differentiated between cases where the defendant understood that the trial
court was prejudging his case, as in Hull, and cases where
evidence of prejudgment was ambiguous.  A
contemporaneous objection is required only in instances where the prejudgment
is clear or understood.  Id.  In the Brown case, as here,
there was no objection at the time of the imposition of the sentence.  Id. at 452.  The court excused the failure to object
holding that the case fell into a category of cases where the events as they
occurred were not adequate to show prejudgment. 
Id. at 453 n.3 (“In this particular situation, as with
many ineffective assistance of counsel claims, the trial record, by itself, is
not necessarily adequate for the defendant to object and present a valid
constitutional claim at the time of the conduct.”).

            The
court noted that the same lack of evidence that excused the failure to object
meant that “the trial record [would be] insufficient to allow an appellate
court to resolve the issue [of prejudgment].” 
Id. at 453. 
Specifically, the record on direct appeal would not contain evidence of
other cases heard by the same judge or testimony from the judge on the
issue.  Id. at 453–54.  In other words, two kinds of cases
exist.  The first are cases like Hull
where the events as they occur in real time are clear enough to show
prejudgement.  In those cases a timely
objection is a prerequisite to a claim of error.  In the second kind of case, the events are
not clear enough either to require a contemporaneous objection or for an
appellate court to conclude that the judge prejudged the case.

            Appellant
is correct that the judge’s description of being “compelled” to revoke the
sentence or to impose the full suspended sentence could be interpreted to mean
that the judge believed something required only those results.  Nothing did, and the trial court’s unfettered
judgment was required.  See Gagnon
v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d 656
(1973) (Due process requires a neutral and detached hearing body or officer.).

            But
the court in Brown held that even the judge’s statement that he
would “impose the maximum sentence if [the defendant] violated his probation []
does not, by itself, show prejudgment of punishment.”  Brown, 158 S.W.3d at 453.  Similarly, the judge’s statements in this
case do not, by themselves, prove that he prejudged the punishment, felt
obligated to impose the full suspended sentence, or otherwise failed to
consider the entire range of punishment. 
The selected quotations come from a long soliloquy in which the judge
considered the arguments of defense counsel and discussed other aspects of the
case.  We presume that a judicial officer
is neutral and detached, see Jaenicke v. State, 109 S.W.3d 793,
795 (Tex. App.–Houston [1st Dist.] 2003, pet. ref’d), and the statements in
this case are far less suggestive of a refusal to consider the entire range of
punishment than the statement held in Brown to be insufficient,
standing alone, to show prejudgment.

            Appellant
has not presented evidence to overcome the presumption of judicial neutrality.   In contrast to Brown, there is
no evidence in the record in this case either of the judge’s thinking on
the  matter or of other cases adjudicated
by the same judge.  The judge’s
statements are ambiguous, and therefore Appellant’s failure to preserve this
complaint is excused.  But his claim
fails because he has presented no additional evidence that would cause us to
conclude that the judge failed to act as a neutral and detached jurist.  We overrule Appellant’s sole issue.

 

Disposition

            We
affirm the judgment of the trial court.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion
delivered March 7, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)