# NO. 12-07-00315-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JACULINE LOUISE WEBB,*<br>*APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

---

## *MEMORANDUM OPINION*

Jaculine Louise Webb appeals the trial court's judgment sentencing her to five years of imprisonment for possession of marihuana. In one issue, Appellant asserts that the trial court abused its discretion by failing to consider her application for community supervision. We affirm.

## BACKGROUND

Appellant was charged by indictment with having committed the offense of possession of marihuana.[1] Because of the amount of marihuana set forth in the indictment, the charged offense constituted a third degree felony.[2] Following a bench trial, the trial court found Appellant guilty as charged. After a subsequent sentencing hearing, the trial court assessed Appellant's punishment at five years of imprisonment.[3] This appeal followed.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a) (Vernon 2003).

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(4) (Vernon 2003).

[3] *See* TEX. PENAL CODE ANN. § 12.34(a) (Vernon 2003) ("An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the institutional division for any term of not more than 10 years or less than 2 years.").

In her sole issue, Appellant asserts that the trial court abused its discretion "at the punishment hearing by failing to consider [Appellant's] application for community supervision[.]" According to Appellant, "[t]he trial judge gave no consideration to any alternatives, but summarily pronounced a five year sentence of imprisonment. The judge then mocked [Appellant] for crying." "Appellant argues the trial court's comments revealed a bias against the full range of punishment . . . ."

**Discussion**

A trial court denies a defendant due process when it arbitrarily refuses to consider the entire range of punishment for an offense. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). Likewise, by doing so, the trial court also denies such a defendant the due course of law guaranteed by the Texas Constitution. *See Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.–Texarkana 2002, pet. ref'd). However, an appellant must comply with Texas Rule of Appellate Procedure 33.1 in order to properly preserve such an error for review. *Washington v. State*, 71 S.W.3d 498, 499-500 (Tex. App.–Tyler 2002, no pet.) (due process); *see Teixeira*, 89 S.W.3d at 192 (due course of law). Rule 33.1 states, in pertinent part, as follows:

> As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> (1)    the complaint was made to the trial court by a timely request, objection, or motion that:
>
> > (A)    stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
> >
> > (B)    complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and
>
> (2) the trial court:
>
> > (A)    ruled on the request, objection, or motion, either expressly or implicitly; or
> >
> > (B)    refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).

We have reviewed the record and have found no request, objection, or motion raising the complaint now brought on appeal. Therefore, this matter is not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *Washington*, 71 S.W.3d at 499-500; *Teixeira*, 89 S.W.3d at 192.

Even had Appellant's issue been preserved for review, the result would not change. When assessing a defendant's punishment, a trial court must be able to accept that, for the offense in question, the minimum legal punishment will be appropriate in some circumstances and the maximum legal punishment will be appropriate in some circumstances. *Cf. Johnson v. State*, 982 S.W.2d 403, 406 (Tex. Crim. App. 1998) (stating same regarding prospective jurors). Once the facts necessary to assess punishment are before it, the trial court is free to determine whether community supervision is an appropriate punishment under the circumstances of the case. *Cf. id.* at 405-06.

At the close of the sentencing hearing, the trial court explained its reasoning on the record, stating as follows:

> Read from the pre-sentence [report], page seven under future goals, the last question and answer. "Why do you think you're a good candidate for probation?" Answer: "Because I never did anything. I've never been on nothing." Well, that's not true because in June . . . you used marijuana. You told the . . . pre-sentence investigation officer that you first used marijuana at age 19, and you did it occasionally.
>
> Yeah[,] you did something, it's not like you did nothing, you violated the law of this state.
>
> . . . .
>
> . . . And as to the frequency, occasionally. And the last time was June of this year while out on bond awaiting the . . . outcome of this case. She comes and violates the law and thinks this judge is going to reward it? It ain't going to be. No. *Probation is not appropriate for this defendant under these circumstances.*
>
> *She has shown that she will not live under the terms and conditions that would be expected. She's not a good candidate in this judge's opinion.*

(emphasis added). This passage constitutes the only direct evidence as to the thought process of the trial court. It reflects that, after considering whether community supervision would be an appropriate punishment, the trial court determined that it would not. Therefore, the relevant direct evidence reflects that the error complained of by Appellant, a failure to consider community supervision, did not occur.

However, Appellant argues that the following comment made by the trial court before formally pronouncing sentence should be considered as evidence of the trial court's refusal to consider community supervision:

[Appellant apparently began crying after the trial court assessed her punishment at five years of imprisonment.]

*THE COURT:* Late for tears. I could shed some tears too, tears for those who were going to get that marijuana transferred into this county. Yeah, I get tears.

This comment does not address whether the trial court considered community supervision and is not sufficient to overcome the trial court's previous statement regarding its reasoning for determining that Appellant was not an appropriate candidate for community supervision. In the absence of the necessary showing, an appellate court must presume that a trial court that states it has considered community supervision did actually do so. *Cf.* **Word v. State**, 206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006).

We overrule Appellant's sole issue.

## DISPOSITION

We ***affirm*** the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered July 31, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)