NO. 12-07-00315-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JACULINE LOUISE WEBB,
§
 APPEAL FROM THE 124TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS

 

MEMORANDUM OPINION


 Jaculine Louise Webb appeals the trial court's judgment sentencing her to five years of
imprisonment for possession of marihuana. In one issue, Appellant asserts that the trial court abused its
discretion by failing to consider her application for community supervision. We affirm.


Background

 Appellant was charged by indictment with having committed the offense of possession of
marihuana. (1) Because of the amount of marihuana set forth in the indictment, the charged offense
constituted a third degree felony. (2) Following a bench trial, the trial court found Appellant guilty as
charged. After a subsequent sentencing hearing, the trial court assessed Appellant's punishment at five
years of imprisonment. (3) This appeal followed.

Sentence

 In her sole issue, Appellant asserts that the trial court abused its discretion "at the punishment
hearing by failing to consider [Appellant's] application for community supervision[.]" According to
Appellant, "[t]he trial judge gave no consideration to any alternatives, but summarily pronounced a five
year sentence of imprisonment. The judge then mocked [Appellant] for crying." "Appellant argues the
trial court's comments revealed a bias against the full range of punishment . . . ." 

Discussion

 A trial court denies a defendant due process when it arbitrarily refuses to consider the entire range
of punishment for an offense. McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). 
Likewise, by doing so, the trial court also denies such a defendant the due course of law guaranteed by the
Texas Constitution. See Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App.-Texarkana 2002, pet. ref'd). 
However, an appellant must comply with Texas Rule of Appellate Procedure 33.1 in order to properly
preserve such an error for review. Washington v. State, 71 S.W.3d 498, 499-500 (Tex. App.-Tyler 2002,
no pet.) (due process); see Teixeira, 89 S.W.3d at 192 (due course of law). Rule 33.1 states, in pertinent
part, as follows:


 As a prerequisite to presenting a complaint for appellate review, the record must show that:


 (1) the complaint was made to the trial court by a timely request, objection,
or motion that:


 (A) stated the grounds for the ruling that the complaining
party sought from the trial court with sufficient
specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent
from the context; and


 (B) complied with the requirements of the Texas Rules of
Civil or Criminal Evidence or the Texas Rules of
Civil or Appellate Procedure; and


 (2) the trial court:


 (A) ruled on the request, objection, or motion, either
expressly or implicitly; or


 (B) refused to rule on the request, objection, or motion,
and the complaining party objected to the refusal.



Tex. R. App. P. 33.1(a). 

 We have reviewed the record and have found no request, objection, or motion raising the complaint
now brought on appeal. Therefore, this matter is not preserved for appellate review. See Tex. R. App. P.
33.1(a); Washington, 71 S.W.3d at 499-500; Teixeira, 89 S.W.3d at 192. 

 Even had Appellant's issue been preserved for review, the result would not change. When
assessing a defendant's punishment, a trial court must be able to accept that, for the offense in question,
the minimum legal punishment will be appropriate in some circumstances and the maximum legal
punishment will be appropriate in some circumstances. Cf. Johnson v. State, 982 S.W.2d 403, 406 (Tex.
Crim. App. 1998) (stating same regarding prospective jurors). Once the facts necessary to assess
punishment are before it, the trial court is free to determine whether community supervision is an
appropriate punishment under the circumstances of the case. Cf. id. at 405-06. 

 At the close of the sentencing hearing, the trial court explained its reasoning on the record, stating
as follows:


 Read from the pre-sentence [report], page seven under future goals, the last question and answer. 
"Why do you think you're a good candidate for probation?" Answer: "Because I never did anything. I've
never been on nothing." Well, that's not true because in June . . . you used marijuana. You told the . . . pre-sentence investigation officer that you first used marijuana at age 19, and you did it occasionally.


 Yeah[,] you did something, it's not like you did nothing, you violated the law of this state.


 . . . .


 . . . And as to the frequency, occasionally. And the last time was June of this year while out on bond
awaiting the . . . outcome of this case. She comes and violates the law and thinks this judge is going to reward
it? It ain't going to be. No. Probation is not appropriate for this defendant under these circumstances.


 She has shown that she will not live under the terms and conditions that would be expected. She's
not a good candidate in this judge's opinion.



(emphasis added). This passage constitutes the only direct evidence as to the thought process of the trial
court. It reflects that, after considering whether community supervision would be an appropriate
punishment, the trial court determined that it would not. Therefore, the relevant direct evidence reflects
that the error complained of by Appellant, a failure to consider community supervision, did not occur.

 However, Appellant argues that the following comment made by the trial court before formally
pronouncing sentence should be considered as evidence of the trial court's refusal to consider community
supervision:


 [Appellant apparently began crying after the trial court assessed her punishment at five years of
imprisonment.]


 THE COURT: Late for tears. I could shed some tears too, tears for those who were going to get that
marijuana transferred into this county. Yeah, I get tears. 



This comment does not address whether the trial court considered community supervision and is not
sufficient to overcome the trial court's previous statement regarding its reasoning for determining that
Appellant was not an appropriate candidate for community supervision. In the absence of the necessary
showing, an appellate court must presume that a trial court that states it has considered community
supervision did actually do so. Cf. Word v. State, 206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006).

 We overrule Appellant's sole issue.


Disposition

 We affirm the judgment of the trial court.



 SAM GRIFFITH 

 Justice






Opinion delivered July 31, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.










(DO NOT PUBLISH)
1. See Tex. Health & Safety Code Ann. § 481.121(a) (Vernon 2003).
2. See Tex. Health & Safety Code Ann. § 481.121(b)(4) (Vernon 2003).
3. See Tex. Penal Code Ann. § 12.34(a) (Vernon 2003) ("An individual adjudged guilty of a felony of the
third degree shall be punished by imprisonment in the institutional division for any term of not more than 10 years or
less than 2 years.").