

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00178-CR
_____

SHAUNA L. CASTILLO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 36603-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Shauna L. Castillo appeals her conviction on her open plea of guilty to the state jail felony offense of possession of a controlled substance. The trial court sentenced her to two years' confinement, but suspended imposition of sentence and placed Castillo on community supervision.

Castillo contends that she was denied due process because the trial court abused its discretion by refusing to consider the full range of punishment, including deferred adjudication of guilt.

The Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786–87 (1973). A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes a predetermined punishment. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005). In the absence of a clear showing to the contrary, we presume that the trial court was neutral and detached. *Fielding v. State*, 719 S.W.2d 361, 366 (Tex. App.—Dallas 1986, pet. ref'd) (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982)).

Castillo contends the record shows that the court refused to consider the full range of punishment and thus violated her due process rights because the trial court's comments reveal a bias against the full range of punishment which prevented the court from weighing the punishment evidence and assessing sentence in an objective way.

2

A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. *Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002); *Johnson v. State*, 982 S.W.2d 403, 405 (Tex. Crim. App. 1998). However, such a complaint is not preserved for review unless a timely objection is raised. *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499 (Tex. App.—Tyler 2002, no pet.); *Cole v. State*, 757 S.W.2d 864, 865 (Tex. App.—Texarkana 1988, pet. ref'd). No objection was made to the court's ruling; thus, the complaint was not preserved.

Even if we could properly reach this issue, the record does not show that the trial court did not consider the entire range of punishment. What the record does show is that the court did not find deferred adjudication appropriate for this defendant. The record shows the following colloquy during the punishment phase of the trial:

> [State]:    Judge, you know this is an automatic probation case. However, the State does have concerns because we're dealing with drugs. Looking at the p.s.i., on Page 4 and on Page 7, and apparently it says her last reported use of methamphetamine was December 31st, 2007. This arrest date was January 22nd, 2007, so that means she must have been using drugs while she was out on bond. Obviously, the State is concerned about that. And the State would ask for a longer period of probation.
>
> THE COURT:    Okay.
>
> [Defense Counsel]: Judge, I apologize. I didn't realize the date on there. My client has never had any criminal history at all. She was very open and honest with the Court in her p.s.i. And she has asked me to ask the Court to consider deferred. I've told her that I thought that would never happen in a million years, that this Court

3

-- I've had it happen once in my entire life in this county, and so I suspect it wouldn't happen.  But I told her I would ask.

      THE COURT:  Well, it is a rarity and -- .

      [Defense Counsel]:    And I told her that.  But I told her I would ask, Your Honor, and I'm asking on her behalf, but I told her I didn't think that would happen.

      THE COURT:      Well, it's a part of the law, and I will consider every part of the law.

      [Defense Counsel]:    I explained that to her, Judge.

      THE COURT:      But I use deferred sparingly.

      [Defense Counsel]:    I understand.

      THE COURT:      And I'm not going to do it in this case for the simple reason that she's continued to use drugs while out on bond.

We conclude the record does not show that the trial court failed to consider the entire range of punishment, nor does it show that the court had a bias against deferred adjudication—it does show that the court believed deferred adjudication was not appropriate for this particular defendant's situation.  Thus, no error would be shown in any event.

The contention of error is overruled.

4

We affirm the trial court's judgment.

                                        Jack Carter
                                        Justice

Date Submitted:    January 2, 2009
Date Decided:      January 6, 2009

Do Not Publish