12-09-00195-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MARCUS
WILLIS,                         §                  APPEAL FROM THE 7TH

APPELLANT

 

V.                                         
§                 JUDICIAL DISTRICT COURT OF

 

THE STATE
OF TEXAS,

APPELLEE                               
§                 SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

Marcus Willis appeals his conviction for indecency
with a child, for which he was sentenced to ten years of imprisonment.  In one
issue, Appellant contends that the trial court erred by refusing to consider
the full range of punishment during the revocation hearing.  We affirm.

 

Background

Appellant was charged by indictment with
indecency with a child, a second degree felony.[1]


Appellant pleaded “not guilty.”  After a trial, the jury
found Appellant guilty of the offense as charged in the indictment, and
assessed his punishment at ten years of imprisonment with a $5,000.00 fine.  However,
the jury found that Appellant was eligible for probation and recommended that
he be granted probation for ten years.  The trial court suspended imposition of
Appellant’s sentence and placed him on community supervision for ten years.  One
of the terms of Appellant=s
community supervision was that he not reside, go in, on, or within five hundred
feet of a premises where children commonly gather, including a school, day care
facility, playground, public or private youth center, public swimming pool, or
video arcade facility, without the permission of his supervision officer or the
trial court.

On May 4, 2009, the State filed an
application to revoke Appellant’s community supervision, alleging that Appellant
violated the conditions of his community supervision by residing within five
hundred feet of a place where children commonly gather.  Appellant pleaded Anot true@ to committing the act
alleged in the State=s
motion.  At the conclusion of the revocation hearing, the trial court found
that the allegations in the State’s application were true, granted the
application, revoked Appellant’s community supervision, and assessed his
punishment at ten years of imprisonment.  In sentencing Appellant, the trial
court stated as follows:

 

In cases where a jury has granted punishment in a
case, my decision’s easy because I impose what the jury said.  And the jury in
this case said 10 years’ imprisonment in the Institutional Division along with
a $5,000 fine.  So the Court imposes that sentence because that’s what the jury
in this case said that you should be punished if you were unsuccessful in
carrying out the probation they’ve decided to grant to you that day. 

 

That’s their purview.  It’s completely up to them.  I
never second guess what a jury does.  They are right because they evaluate the
facts and they make those decisions.

 

 

Appellant did not object.  When asked if
there was anything else on the defense’s side, Appellant stated “no.”  This
appeal followed.

 

Full Range of Punishment

In his sole issue on appeal, Appellant
argues that the trial court erred by not considering the full range of punishment,
and thus violated his constitutional right to due process.  The State contends
that Appellant failed to preserve error by making a timely objection to the
trial court. 

A court denies due process and due course of
law if it arbitrarily refuses to consider the entire range of punishment for an
offense or refuses to consider the evidence and imposes a predetermined
punishment.  Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App.– Texarkana
2002, pet. ref’d).  However, as a prerequisite to presenting a complaint for
appeal, the record must show that a complaint was made to the trial court by a
timely request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1).  The request, objection, or motion must state the
grounds for the ruling that the complaining party sought from the trial court
with sufficient specificity to make the trial court aware of the complaint.  Tex. R. App. P. 33.1(a)(1)(A).  The
trial court must have ruled on the request, objection, or motion, either
expressly or implicitly.  Tex. R. App.
P. 33.1(a)(2)(A).  If the trial court refused to rule, the complaining
party must have objected to the refusal.  Tex.
R. App. P. 33.1(a)(2)(B).

Appellant could have objected to the trial
court=s alleged
refusal to consider the full range of punishment, but did not.  In Hull
v. State, the trial court admonished the appellant that the court would
apply a policy of Azero
tolerance@ when it
probated his sentence.  Hull v. State, 67 S.W.3d 215, 217 (Tex.
Crim. App. 2002).  The court of criminal appeals concluded that the appellant,
who did not object to the admonishment when his conditions of probation were
imposed or when his probation was revoked, waived any complaint about the trial
court=s Azero tolerance@ policy.  Id.
at 217-18.  Similarly, in this case Appellant did not timely object to the
trial court’s statement allegedly indicating a predetermined sentence when the
trial court revoked his community supervision.  See Washington v. State,
71 S.W.3d 498, 499-500 (Tex. App.—Tyler 2002, no pet.).  As such, Appellant has
waived his issue on appeal.  See Tex.
R. App. P. 33.1(a)(1).  Appellant=s
sole issue is overruled.

 

Disposition

The judgment of the trial court is affirmed.

 

 

                                                                                    JAMES
T. WORTHEN

                                                                                          
Chief Justice

 

Opinion delivered March 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1]
See Tex. Penal Code Ann. §
21.11(a)(1), (d) (Vernon Supp. 2009).