**Affirmed and Memorandum Opinion filed August 28, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00065-CR

---

**SHAUN DANIEL GREEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 09-05474**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of aggravated assault. The trial court placed appellant on seven years' deferred adjudication probation. The State subsequently filed a motion to revoke appellant's unadjudicated probation. Appellant entered a plea of true to violations of the conditions of his probation and was sentenced to 20 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal.[1] We affirm.

---

[1] Appellant initially appealed to the Ninth Court of Appeals in Beaumont. Pursuant to its docket equalization authority, the Texas Supreme Court transferred appellant's appeal to this court. *See* Tex. Gov't Code Ann. § 73.001.

On April 27, 2009, appellant was placed on probation for aggravated assault. On September 14, 2011, the State filed a motion to revoke appellant's probation because appellant violated certain conditions of his probation. Appellant entered a plea of true to counts 1, 2, and 3 in the State's motion, which alleged that appellant committed the offenses of assault against a family member, interference with an emergency call, and evading arrest or detention. Appellant's common-law wife was the victim of the assault charge. Appellant pushed his wife causing her to fall and hit her head. When a neighbor called the police, appellant took the neighbor's phone from her. When the police arrived, appellant ran from the house, requiring police officers to chase him.

Appellant's attorney asked the trial court to consider appellant's prior military record, age, and lack of criminal record in assessing punishment. Appellant was permitted to address the court, admitted his mistake, and asked for a lenient sentence. The court adjudicated appellant guilty and assessed punishment at 20 years' confinement. Appellant made no objection to the court's assessment of punishment, nor did he file a motion for new trial complaining of his punishment.

In three issues on appeal, appellant challenges his punishment on the grounds that the trial court (1) refused to consider the entire range of punishment, (2) punished appellant for "her" drug addiction, and (3) failed to consider the mitigating factor of appellant's military service. Initially, we note that Appellant did not argue the second issue in the body of his brief. The State suggests that this issue may be a typographical error. Further, the record does not contain evidence of drug addiction. Therefore, in this opinion, we address only appellant's first and third issues challenging the trial court's failure to consider the full range of punishment and failure to consider mitigating evidence.

Appellant was found guilty of aggravated assault of a family member, which is punishable as a second degree felony. Tex. Penal Code Ann. § 22.02. The range of punishment for a second degree felony is between two and twenty years in prison and up to a $10,000 fine. Tex. Penal Code Ann. § 12.33. Appellant contends that by sentencing

2

him to the maximum term of imprisonment, the trial court did not consider the full range of punishment and failed to consider mitigating factors such as his status as an Iraq War veteran.

The trial court denies due process of law and due course of law when it arbitrarily refuses to consider the full range of punishment for an offense or refuses to consider the evidence and imposes a predetermined sentence. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). The defendant can waive complaints of due process violations, however, by failing to object in the trial court to its failure to consider the full range of punishment or consider certain evidence. *Eddie v. State*, 100 S.W.3d 437, 441 (Tex. App.—Texarkana 2003, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499–500 (Tex. App.—Tyler 2002, no pet.). Appellant failed to object at the time the trial court sentenced him, thereby waiving any complaint on appeal.

Relying on the Texas Court of Criminal Appeals' opinion in *Ex parte Brown*, 158 S.W.3d at 454, appellant asserts no contemporaneous objection was necessary because the evidence that the trial court refused to consider the full range of punishment was ambiguous. In *Brown*, the applicant pleaded guilty and was placed on deferred adjudication probation. *Id.* at 451. At the time he was placed on probation, the trial court told Brown that if he did not report to the probation officer, the court would "give [him] twenty years." *Id.* Brown's conviction was affirmed on appeal. *Id.* at 452. On writ of habeas corpus, Brown then raised his contention that the trial court had prejudged his punishment, and that his trial counsel rendered ineffective assistance by failing to object on that ground. The court of criminal appeals held that although this issue should ordinarily be raised on direct appeal, Brown could raise the issue for the first time by writ of habeas corpus. *Id.* at 453. The court determined that, "As with the vast majority of claims of ineffective assistance of counsel, the trial record is insufficient to allow an appellate court to resolve the issue." *Id.* The court did not hold that no contemporaneous objection was necessary to preserve error for direct appeal, but determined that, in that

3

case, Brown could raise the issue of predetermination of his sentence by writ of habeas corpus.

We do not read the court's holding to permit us to deviate from the long-standing rule that errors in sentencing can be waived by failure to object. *See, e.g., Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *Teixeira*, 89 S.W.3d at 192 (Tex. App.—Texarkana 2002, pet. ref'd) (holding that appellant failed to preserve complaint that trial court arbitrarily refused to consider entire range of punishment because he failed to make timely objection); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding that failure to complain to trial court that consecutive sentences constitute cruel and unusual punishment waives error).

Because appellant failed to object at the time he was sentenced, he waived any error with regard to punishment.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Adele Hedges and Justices Brown and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).

4