**Affirmed and Memorandum Opinion filed February 12, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00422-CR

---

### AMBER VALANTINA AKERS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 11-12331**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of aggravated assault. The trial court placed her on ten years' deferred adjudication probation. The State subsequently filed a motion to revoke probation. Appellant entered a plea of true to two of the conditions of probation, and the trial court sentenced her to twenty years' confinement in the Institutional Division of the Texas Department of

Criminal Justice.  Appellant filed a timely notice of appeal.[1]  We affirm.

On August 18, 2011, appellant was indicted for aggravated assault, a second degree felony.  *See* Tex. Penal Code Ann. § 22.02.  On September 12, 2011, appellant entered into a plea agreement with the State and was placed on deferred adjudication probation for ten years.  On October 19, 2011, appellant's probation conditions were amended to include that appellant have no contact with the victim of the offense.  On January 12, 2012, an administrative hearing was held because appellant had not paid supervisory fees and had been arrested for misdemeanor theft.  On March 22, 2012, a second administrative hearing was held because, among other things, appellant had been arrested for public intoxication, possession of marijuana, possession of a controlled substance, and driving while intoxicated.  On April 9, 2012, appellant's probation was revoked when she pleaded true to the State's allegations that she had committed the offenses of driving while intoxicated and possession of marijuana.

At the hearing on the State's motion to revoke probation, appellant stated that her pleas of true to driving while intoxicated and possession of marijuana were given freely and voluntarily.  Appellant asked the court not to revoke her probation because she needed treatment for drug addiction and post-traumatic stress disorder.  The trial court read a statement of the aggravated assault victim in which the victim stated that he was afraid of appellant and requested a protective order to protect him and appellant's child while she was on probation.  The court then sentenced appellant to twenty years' confinement.  Appellant made no objection to the court's assessment of punishment, nor did she file a motion for new trial complaining of her punishment.

---

[1] Appellant initially appealed to the Ninth Court of Appeals in Beaumont.  Pursuant to its docket equalization authority, the Texas Supreme Court transferred appellant's appeal to this court.  *See* Tex. Gov't Code Ann. § 73.001.

In two issues, appellant contends the trial court erred in refusing to consider the entire range of punishment and erred in assessing the maximum sentence. Appellant was found guilty of aggravated assault, which is punishable as a second degree felony. Tex. Penal Code Ann. § 22.02. The range of punishment for a second degree felony is between two and twenty years in prison and up to a $10,000.00 fine. Tex. Penal Code Ann. § 12.33. Appellant contends that by sentencing her to the maximum term of imprisonment, the trial court violated her due process rights by failing to consider the full range of punishment.

The trial court denies due process of law and due course of law when it arbitrarily refuses to consider the full range of punishment for an offense or refuses to consider the evidence and imposes a predetermined sentence. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). The defendant can waive complaints of due process violations, however, by failing to object in the trial court to its failure to consider the full range of punishment or consider certain evidence. *Eddie v. State*, 100 S.W.3d 437, 441 (Tex. App.—Texarkana 2003, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499–500 (Tex. App.—Tyler 2002, no pet.). Appellant failed to object at the time the trial court sentenced her, thereby waiving any complaint on appeal.

Relying on the Texas Court of Criminal Appeals' opinion in *Ex parte Brown*, 158 S.W.3d at 454, appellant asserts no contemporaneous objection was necessary because the evidence that the trial court refused to consider the full range of punishment was ambiguous. In *Brown*, the applicant pleaded guilty and was placed on deferred adjudication probation. *Id.* at 451. At the time he was placed on probation, the trial court told Brown that if he did not report to the probation officer, the court would "give [him] twenty years." *Id.* Brown's conviction was

affirmed on appeal. *Id.* at 452. On writ of habeas corpus, Brown then raised his contention that the trial court had prejudged his punishment, and that his trial counsel rendered ineffective assistance by failing to object on that ground. The court of criminal appeals held that although this issue should ordinarily be raised on direct appeal, Brown could raise the issue for the first time by writ of habeas corpus. *Id.* at 453. The court determined that, "As with the vast majority of claims of ineffective assistance of counsel, the trial record is insufficient to allow an appellate court to resolve the issue." *Id.* The court did not hold that no contemporaneous objection was necessary to preserve error for direct appeal, but determined that, in that case, Brown could raise the issue of predetermination of his sentence by writ of habeas corpus.

We do not read the court's holding to permit us to deviate from the long-standing rule that errors in sentencing can be waived by failure to object. *See, e.g., Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *Teixeira*, 89 S.W.3d at 192 (holding that appellant failed to preserve complaint that trial court arbitrarily refused to consider entire range of punishment because he failed to make timely objection); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding that failure to complain to trial

4

court that consecutive sentences constitute cruel and unusual punishment waives error).

Even assuming no objection was necessary, we see nothing in the record to indicate that the trial court did not consider the full range of punishment. The trial court listened to the evidence, asked questions of the appellant, reviewed the facts of the underlying complaint and assessed punishment.

By failing to object to her punishment, appellant waived any complaint with regard to punishment. Even if no objection was necessary, the record does not support appellant's claim that the trial judge did not consider the full range of punishment. We overrule appellant's issues and affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).