**Affirmed as Modified; Opinion Filed July 28, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01225-CR

**CHRISTOPHER STEVEN MCGUIRE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F11-34679-H**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Lang

Christopher Steven McGuire appeals from the adjudication of his guilt for aggravated robbery. In two issues, appellant contends the trial court failed to consider the full range of punishment and the judgment should be modified to correctly reflect his plea to the motion to adjudicate. We modify the trial court's judgment and affirm as modified.

Appellant waived a jury and pleaded guilty to aggravated robbery with a deadly weapon, a firearm. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). The trial court deferred adjudicating guilt and placed appellant on ten years' community supervision. The State later moved to adjudicate guilt, alleging appellant violated condition (a) by committing a driving

while license invalid offense, condition (d) by failing to report, condition (h) by failing to pay court costs, condition (j) by failing to pay community supervision fees, and condition (n) by failing to pay urinalysis fees. Appellant pleaded not true to violating condition (d) and pleaded true to the remaining four violations. The trial court found all of the allegations true, adjudicated appellant guilty, and sentenced him to ten years' imprisonment.

In his first issue, appellant contends he was deprived of his rights to due process and due course of law in violation of the United States and Texas Constitutions. Appellant asserts the trial court failed to consider the full range of punishment options when it predetermined that appellant would receive a prison sentence. The State responds that appellant failed to preserve his complaint for appellate review and alternatively, the record does not show the trial court violated appellant constitutional rights.

A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). Such a complaint is not preserved for review unless a timely objection is raised. *Washington v. State,* 71 S.W.3d 498, 499–500 (Tex. App.—Tyler 2002, no pet.); TEX. R. APP. P. 33.1(a)(1). No objection was made to the trial court; thus, the complaint was waived. We decide against appellant in his first issue.

In his second issue, appellant contends the judgment should be modified to reflect he pleaded not true to allegation (d) in the motion to adjudicate. The State agrees that the judgment should be modified as appellant requests.

Appellant pleaded not true to violating condition (d) and pleaded true to violating conditions (a), (h), (j), and (n). The judgment, however, reflects appellant pleaded true to all of

the allegations in the motion to adjudicate. Thus, the judgment is incorrect. We decide in appellant's favor on his second issue. We modify the trial court's judgment to show appellant pleaded not true to condition (d) and true to conditions (a), (h), (j), (n). *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.


/ Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131225F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER STEVEN MCGUIRE, Appellant

No. 05-13-01225-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 4 of Dallas County, Texas (Tr.Ct.No. F11-34679-H).

Opinion delivered by Justice Lang, Justices Myers and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True, Condition (d); True Conditions (a), (h), (j), (n)."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered July 28, 2014.