In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00131-CR

                                                ______________________________

 

 

                                  ROYLAND EARL BLACK,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 7th Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 007-1631-09

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            One could
say that Royland Earl Black was essentially asleep at the wheel when Officer
Letitia Powell encountered his driving in Smith County[1]
in early 2009.  In a trial to the court,
Black was found guilty of driving while intoxicated (DWI), his sentence was
enhanced to the equivalent of a third degree felony, and Black was sentenced to
six years’ confinement.  We affirm the
trial court’s judgment, because (1) Black has not demonstrated that his trial
counsel was ineffective, and (2) Black cannot prevail on his claim that the
trial court failed to consider the full range of punishment.

            Powell was
patrolling the streets on or about January 30, 2009, when a radio broadcast
informed her of a possible intoxicated driver at a local intersection.  Responding to the call, Powell spotted a
white truck driven by Black “failing to maintain a single lane.”  She pulled up behind the truck at a red light
and engaged her patrol car lights. 
Although the light had turned green, the truck remained stopped in the
middle of the street.  After Powell used
her unit’s loudspeaker to ask Black to “pull off the main roadway,” Black drove
through the green light and continued to drive down the road without
stopping.  He led Powell on a two-mile
low-speed chase even though the patrol car’s “take-downs, which is a brighter
white light,” siren, and horn were used. 
Black finally pulled over into a Church’s Chicken parking lot.  

 

 

            Upon initial
contact, Black was, according to Powell, “extremely slow to respond” to
commands, was “unsteady,” “swayed,” and “needed assistance” when exiting the
vehicle.  After Black exhibited
difficulty in following instructions during administration of the horizontal
gaze nystagmus (HGN)[2]
test, failed to understand and maintain balance during the walk-and-turn test,
and performed unsatisfactorily on the one-leg-stand test, Powell concluded that
Black was intoxicated.  Before the tests
were administered, Black denied having any medical issues, but later informed
Powell he had diabetes and a bad back, and admitted to ingesting “a Vicodin.”  Assisting Powell, Officer Donald Shafer
recovered five “Soma” prescription drug pills from a search of Black’s truck.[3]  

            Black was
arrested and agreed to provide a blood sample to nurse Shirley Dudley.  Eduardo Padilla of the Texas Department of
Public Safety Crime Laboratory testified that the initial drug screen of Black’s
blood sample revealed the presence of prescription drugs Hydrocodone,
Meprobamate, and Carisoprodol (Soma). 
The drugs were legally prescribed to Black.  

            In
a statement given after his arrest and during trial, Black said he had “blacked
out” while driving.  Black’s brother, who
was a passenger in the truck, told Shafer “he was scared; that [Black] wouldn’t
stop, and that he had to physically grab control of the steering wheel and make
the vehicle turn into the . . . Church’s Chicken parking lot.”  

            Padilla
testified that the two drugs found in Black’s system could cause “drowsiness,
dizziness, slurred speech, blurred vision, [and] lack of motor skills.”  He also informed that the combination of the
drugs could cause loss of the normal use of mental or physical faculties, and
the amount of Hydrocodone in the blood sample was “on the high side.”  Black took the stand and admitted during
cross-examination that he had previously been convicted of DWI in 2007 for
driving after ingesting his regular medication. 

 (1)      Black
Has Not Demonstrated that His Trial Counsel Was Ineffective

 

            We begin our
analysis with the rule that any allegation of ineffectiveness of counsel must
be firmly founded in the record.  Goodspeed v. State, 187 S.W.3d 390, 392
(Tex. Crim. App. 2005); Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Wallace
v. State, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), aff’d, 106 S.W.3d 103 (Tex. Crim. App. 2003).
 From the record received by this Court, Black
bears the burden of proving that counsel was ineffective by a preponderance of
the evidence.  Goodspeed, 187 S.W.3d at 392; Thompson,
9 S.W.3d at 813; Cannon v. State, 668
S.W.2d 401, 403 (Tex. Crim. App. 1984).

            We
apply the two-pronged Strickland test
handed down by the United States Supreme Court to determine whether Black received
ineffective assistance of counsel.  Strickland v. Washington, 466 U.S. 668 (1984).
 Failure to satisfy either prong of the Strickland test is fatal.  Ex parte
Martinez, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006).  Thus, we need not examine both Strickland prongs if one cannot be met.  Strickland,
466 U.S. at 697.

            First, Black
must show that counsel’s performance fell below an objective standard of
reasonableness in light of prevailing professional norms.  Id.
at 687–88.  There is a strong presumption
that counsel’s conduct fell within the wide range of reasonable professional
assistance and that the challenged action could be considered sound trial
strategy.  Id. at 689; Ex parte White,
160 S.W.3d 46, 51 (Tex. Crim. App. 2004); Tong
v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Therefore, we will not second-guess the
strategy of Black’s counsel at trial through hindsight.  Blott v.
State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); Hall v. State, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet.
ref’d).

            The second Strickland prong, prejudice, requires a
showing that, but for counsel’s unprofessional error, there is a reasonable
probability that the result of the proceeding would have been different.  Strickland,
466 U.S. at 687–88.

            A.        The Guilty Plea Before Receipt of the
Toxicology Report

 

            Black argues that counsel
persuaded him to plead guilty before receiving the toxicology report.  Counsel’s advice came after consultation with
Black.  It is possible statements or
admissions may have been made to counsel during such consultation.  Black’s counsel told the court he advised his
client to plead guilty because “[t]here were certain pressures to deal with,
Your Honor, timewise and negotiation-wise.” 
The record indicates counsel may have advised Black to enter a plea of
guilty in an effort to resolve the case in a favorable manner.  Often, defense counsel have various
reasonable paths to take in defending their clients; choosing one is part of
trial strategy and will not be held ineffective unless no reasonable attorney
would choose that path.  See Harrington v. Richter, No. 09-587,
2011 WL 148587, at *14–16 (U.S. Jan. 19, 2011) (choice not to use particular
expert for scientific analysis of blood). 
We decline to second-guess the strategy of Black’s counsel through
hindsight. 

            Undermining
the harm prong of the Strickland test,
the guilty plea was withdrawn.  Black
argues “the damage was done” because the court was “left with the indelible
impression that Appellant was guilty before any evidence was presented at the
bench trial.”  No authority or citation
to the record is cited to support Black’s proposition, and the idea that the
plea left the “indelible impression” of Black’s guilt, or that the court
otherwise considered the withdrawn plea, is speculation.

            In any
event, the toxicology report indicated the presence of a high amount of
Hydrocodone in addition to two other prescription drugs, facts that do not aid
Black’s defense.  Combined with the video
supporting the finding of intoxication, we conclude Black fails to meet the
second prong of Strickland requiring
a showing that the result of the proceeding would have been different had he
never entered a guilty plea.  No
ineffective assistance of counsel is shown relative to the guilty plea.

            B.        Counsel
Attempts to Testify About His Own Experiences with Blackouts

 

            Black’s
counsel took the stand and began testifying about an experience he had with a
blackout while in court.  The State’s
objection to the relevance of counsel’s testimony was sustained, and the
testimony was struck.  Yet, Black argues,
without support in the form of caselaw or record citation, that his counsel’s
testimony “tainted Appellant’s defense and doubtless caused the trial court to
question counsel’s defense strategy.”  

            We find that
Black has failed to rebut the strong presumption that counsel’s conduct fell
within the wide range of reasonable professional assistance and that the
challenged action could be considered sound trial strategy.  Black was intoxicated if he did “not have the
normal use of mental or physical faculties by reason of the introduction of . .
. a drug, . . . or any other substance into [his] body.”  Tex.
Penal Code Ann. § 49.01(2)(A) (Vernon 2003).  If his blackout was caused by the ingestion
of drugs, Black could be found guilty of DWI. 
Counsel’s trial strategy in testifying about his personal experience
could have been to support the defense theory that a blackout could be caused
by reasons other than ingestion of drugs. 
The first prong of Strickland
has not been met.  Additionally, Black’s
contention that the stricken testimony tainted the defense is speculative and
does not establish that the result of the proceeding would have been
different.  Thus, he cannot meet the
second Strickland prong.  No ineffective assistance of counsel is shown
relative to counsel’s attempted testimony.

            C.        Judge’s Comments About Experience with a
Driver Who Had Blacked Out

 

            After both sides rested and the
punishment phase was closed, the trial court stated:

I
had a wreck years ago as a young person where a lady had a blackout and she ran
a stop sign and hit us broadside, so I know it can happen.  The evidence shows that’s just a made-up
defense on your part, particularly, whenever you see what the presentence . . .
contains about what your brother said.

 

 

            Black argues
that counsel should have objected to the statement and should have made an “effort
to attempt to have the judge declare a mistrial and recuse himself.”  Due process requires a neutral and detached
trial court.  Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973); Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).  “Absent a clear showing of bias, a trial
court’s actions will be presumed to have been correct.”  Brumit,
206 S.W.3d at 645 (citing Thompson v.
State, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982)).  The comments of the trial court here do not
reflect bias or partiality.  Rather, they
reflect an understanding by the trial court that blackouts can occur without intoxication.  Because there was no clear showing of bias,
there was no reason for Black’s counsel to object.  Black cannot meet the first prong of Strickland.  No ineffective assistance of counsel is shown
relative to the trial court’s statements about experience with a driver who
blacked out.

(2)        Black
Cannot Prevail on His Claim that the Trial Court Failed to Consider the Full
Range of Punishment

 

            Black cites
to the following three statements made by the trial court during the punishment
hearing to suggest that the trial court did not consider the full range of
punishment:

I
try to always assess cases when I’m asked to do this type of sentencing—or not
sentencing, but trial of a defendant by way of a bench matter without a jury,
to try to assess it how I think the jury would assess it in Smith County,
Texas.  Because I think a defendant
shouldn’t be handled any differently, whether it’s a jury listening to the
evidence and resolving the case. 

 

.
. . I always try to assess these based upon what I think a Smith County jury
would do in the case in relation to the punishment of cases.  I think they would have considered probation,
too.  I think they would have considered
it extremely briefly.  

 

.
. . I don’t think a jury would spend long thinking about that eligibility for
probation whenever they have someone that they would have just convicted of a
felony DWI, and that they are aware—at that point, if they had been doing it,
they would have been aware that you were at least charged with this second one.[4]


 

            Black argues
that these excerpts demonstrated that the court foreclosed the opportunity for
community supervision of any kind.  He
complains the trial court erred in violating his rights to “due process and due
course of law.” 

A
court denies due process and due course of law if it arbitrarily refuses to
consider the entire range of punishment for an offense or refuses to consider
the evidence and imposes a predetermined punishment.  Such a complaint is not preserved for review
unless a timely objection is raised.

 

Teixeira v. State,
89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref’d) (citations omitted); see Washington v. State, 71 S.W.3d 498,
499 (Tex. App.—Tyler 2002, no pet.).[5]  Black admits in his brief, and the record
demonstrates, that he failed to raise this issue with the trial court.  Because this point of error has not been
preserved, it is overruled.[6]  See
Tex. R. App.
P. 33.1.

            In
any event, Black makes no reference to the trial court’s statement, “I’ve
considered, Mr. Black, probation for you.” 
Omitted also was the court’s statement, “I don’t think [the jury] would
spend much time contemplating—while they would have considered it, just as I’ve
considered it, I don’t find [community supervision] to be appropriate.”  Had this point of error been preserved, the
record would nevertheless fail to support Black’s contention that the court did
not consider the full range of punishment.

            We affirm the trial court’s
judgment. 

 

 

 

                                                                                                Josh
R. Morriss, III

                                                                                                Chief
Justice

 

Date Submitted:          February
1, 2011         

Date Decided:             February
2, 2011

 

Do Not Publish

 

 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.





[2]The
result of the HGN test did not indicate intoxication because Black was not
under the influence of depressants.  

 





[3]A
video recording of the stop and arrest depicting these events was played during
the bench trial.  





[4]The
trial court referred to a subsequent September 14, 2009, DWI discussed in our
cause number 06-10-00132-CR.  

 





[5]Black
argues that failure to consider the entire range of punishment is a structural
error and need not be preserved by contemporaneous objection.  This argument has been made before the Texas
Court of Criminal Appeals in the past.  See Brumit, 206 S.W.3d at 645.  The court declined to decide whether such a
complaint must be preserved by a contemporaneous objection, instead holding
that the trial court in that case considered the entire range of punishment.  Thus, we rely on our precedent and that of
the Twelfth Court of Appeals, holding that Black’s complaint required an
objection to the trial court below in order to preserve the issue for
review.  Willis v. State, No. 12-09-00195-CR, 2010 WL 1215145, at *1 (Tex.
App.—Tyler March 30, 2010, no pet.) (mem. op., not designated for publication).

 





[6]Black
does not complain that counsel was ineffective for failing to raise this issue.